William **BAIRD**, et al.

v.

Francis X. **BELLOTTI**, et al.

**Civ. A. No. 74–4992–Z.**

United States District Court,
D. Massachusetts.

July 6, 1984.

---

John Reinstein, Boston, Mass., for plaintiffs.

John H. Henn, Scott C. Moriearty, Sandra L. Lynch, Foley, Hoag & Eliot, Boston, Mass., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This case and, in particular, the petition for attorneys' fees under 42 U.S.C. § 1988 of plaintiff-intervenor, Planned Parenthood League of Massachusetts ("PPLM"), comes before me after a long history in both this court, 555 F.Supp. 579 (D.Mass.1982), and the Court of Appeals. That history has been fully recounted in opinions by both courts. Neither repetition nor further elucidation is necessary. It remains only to evaluate the services rendered by counsel for PPLM to establish the fee payable for such services and to award that fee. The parties are in agreement that the Court must first determine the lodestar figure, the reasonable number of hours spent multiplied by the reasonable hourly rate. That figure may then be increased or reduced to

**8**

reflect particular relevant factors, such as the delay in payment and the contingent nature of any fee, the unpopularity of the cause, the quality of representation, and the results obtained. One factor, the Court of Appeals has in this case explicitly limited. Such discretion as this court has to reduce any fee for delay in filing the fee petition may be exercised only "to protect the defendant (or the Court itself) against possible adverse consequences attributable to plaintiff's original unreasonable delay should the court, on remand, actually identify such." *Baird v. Bellotti*, 724 F.2d 1032 (1st Cir.1984).

Plaintiff-Intervenor's fee request is properly divisible into two parts; one for time spent on defendants' appeal to the Supreme Court of the United States; the other, for time spent on the fee petition itself. PPLM claims for a total of 880 hours for the first and 355.3 hours for the second. Because the considerations in determining an appropriate award are different for each of these two claims, I will address them *seriatim*.

*The Appeal*

The computer printouts of counsel's time records and counsel's affidavit show that the work on the appeal consisted of the preparation of a motion to affirm and a 28-page brief in support thereof, preparation of a 91-page brief on the merits and preparation for and delivery of oral argument to the Supreme Court. Of course, counsel did considerable work incidental to all of these tasks. Preparation of the brief required not only legal research but also reviewing, indexing, and analyzing the record of the case, somewhat in excess of 700 pages. It, of course, required careful proofreading and cite checking. Preparation for oral argument required not only review of the briefs of all parties and the authorities cited therein, but review of other relevant, even tangentially relevant, authority, as well as thinking about and rehearsing the oral presentation.

■ Although the total time claimed is equivalent to approximately one-third of one year's billable time of one lawyer, the

affidavits filed in support of PPLM's petition unanimously attest that it is not an excessive amount of time to spend on an appeal to the Supreme Court. All but one of the affiants were unfamiliar with the particular issues of this case, but all stressed the special efforts generally attendant on Supreme Court briefs and appearances. Janet Benshoof, a staff attorney for the American Civil Liberties Union, who knows the instant case and has considerable experience with similar cases in lower courts and in the Supreme Court, stated that the time spent by petitioner's counsel was not only reasonable but comparatively low. The fact that other lawyers in this proceeding, including counsel in the Attorney General's office may have spent less time is, if not wholly irrelevant, certainly not decisive of the question of the reasonableness of petitioner's hours. That difference is attributable, at least in part, to variations in the quality of the work product and the participation of other counsel in earlier stages of this proceeding and their consequent greater familiarity with it.

Defendants charge, specifically, substantial duplication of effort, numerous conferences and telephone conferences recorded by only one lawyer, and excessive time spent on particular tasks. My review of the time records and affidavits persuades me that, with minor exceptions, these charges are unfounded. Defendants should not be billed for the attendance at oral argument by four lawyers, and 14 hours will be deducted for the "extra" attendees. The time spent preparing for argument is, even granting that it was preparation for the Supreme Court, high, and I will deduct 50 hours from the time claimed. The hours remaining, 816, I find to be reasonable.

■ The hourly rates of the principal lawyers on the case during the greater part of the time period involved were $90.00, $65.00 and $50.00. Two other lawyers who provided occasional advice and assistance charged $110.00 and $70.00, respectively. The fee claimed is based on an average hourly rate of $73.86. Since Messrs. Henn

and Starrett, with hourly rates of $90.00 and $110.00, respectively, account for nearly one-half of the total time spent, the rate claimed is less than the actual average and is certainly not inappropriate. PPLM's counsel were even then experienced litigators and specialists in constitutional advocacy. The billing rates used, while perhaps high for sole practitioners, were well within the norm charged by large Boston firms at that time. Mr. Henn and Ms. Lynch, the principal lawyers, unquestionably enjoyed a deserved reputation for excellence. I find an hourly rate of $74.00 reasonable and appropriate. The lodestar figure, accordingly, is $60,384.

█ I further find that an upward adjustment of 30% is warranted. Not only did counsel produce a brief of the highest quality, but they did so under severe time constraints. Although PPLM was not the named plaintiff, PPLM did in fact assume the primary burden on plaintiffs' side in the Supreme Court phase of these proceedings. The cause espoused by PPLM was one not met with universal approval and defendants do not dispute PPLM's assertion that few, if any, of the major law firms in Boston would have been, indeed, were, willing to undertake its representation in this matter. Any fee for counsel in this case was, moreover, entirely contingent. To the extent they are relevant, I have already mentioned the other factors which bear on any adjustment upward of the lodestar.

The motion for an award of attorneys' fees was filed eleven months after the Supreme Court's decision in plaintiffs' favor, and eight months after denial of defendants' petition for rehearing. Defendants never filed an opposition to the motion, but they did move to dismiss, on the grounds of laches, two years after the filing of PPLM's motion. While defendants claim prejudice because of PPLM's delay, they point to no specifics to support their assertion. Moreover, the detailed response they ultimately filed belies their allegation. As I cannot identify any adverse consequences attributable to plaintiff-intervenor's initial delay, no reduction of the fee on that account is warranted.

I award PPLM the sum of $78,500 for attorneys' fees in connection with the appeal to the Supreme Court.

## The Fee Petition

PPLM claims only eighteen hours for the preparation of the fee petition in 1980. The remaining time was spent partly in attempting to get resolution of the matter by the court, but primarily in responding to defendants' motion to dismiss and objections. In view of the decision of the Court of Appeals denying the defense of laches as against PPLM, defendants do not now challenge PPLM's entitlement to fees for time spent litigating the fees issues. The sole issue remaining is that of the reasonableness of the amount claimed.

The fee dispute ultimately involved memoranda and argument to the District Court, a request for rehearing, an appeal to the First Circuit, with full briefing and oral argument, and another round in the District Court following remand.

█ Counsel claim a total of approximately 350 hours in connection with that phase of the case, approximately 40% of the time spent on the Supreme Court phase. They arrived at the proposed lodestar of $41,000 by multiplying the total hours spent in each year by the then applicable hourly billing rate. The latter ranged from $40.00 per hour for a paralegal in 1982 to $160.00 per hour for Mr. Henn in 1984. The three stages of the fee petition, initial application and response to the motion to dismiss, appeal from denial of fees, and proceedings after remand, resulted in the expenditure of approximately 135, 140 and 75 hours, respectively. So viewed, the amount of time spent on each stage is not unreasonable. Five-sevenths of all of the time is attributable to the work of PPLM's two principal lawyers, Mr. Henn and Ms. Lynch. The remaining time was spent largely by a first-year associate, a summer associate, and paralegal assistants.

■ The average hourly rate for the work of Mr. Henn and Ms. Lynch during the relevant period is approximately $140.00, and that of the junior associate, clerk and paralegal, approximately $65.00. I find that principal counsel on the fee petition should be compensated at an average hourly rate of no more than $115.00 per hour, and the others who worked on the petition, at an average rate of no more than $30.00 per hour. With these rates, I reach a lodestar of $32,325. Counsel have not requested an adjustment of this figure and none is appropriate.

PPLM also claims costs in the amount of $613.10, the amount remaining after payment or settlement of all other items of disbursement. It is entitled to recover that amount.

Judgment may enter, awarding a total fee of $110,825 to plaintiff-intervenor, Planned Parenthood League of Massachusetts, plus costs in the amount of $613.10.