524 So.2d 1035 (1988)
STATE FARM FIRE & CASUALTY CO., Appellant,
v.
Margarita J. PALMA, Appellee.
No. 4-86-2444.
District Court of Appeal of Florida, Fourth District.
March 23, 1988.
Rehearing Denied June 8, 1988.
Stephen C. McAliley of Law Office of Stephen C. McAliley and Associates, West Palm Beach, for appellant.
*1036 Ronald V. Alvarez of Ronald V. Alvarez, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.
The present appeal in this case involves the allowance of an attorney's fee of $253,500 for the legal services of the appellee/insured's attorney in attempting to recover a $600 medical bill presented as a personal injury protection insurance claim.
Ms. Palma sustained injuries as a result of an automobile accident causing her to seek the care and treatment of a chiropractic physician. During the course of treatment, her doctor ordered a thermographic examination and a bill for $600 was submitted to Palma's insurer, State Farm, which refused payment therefor. It was the insurer's contention that thermographic examinations did not fall within the purview of medically necessary treatment authorized and required under the personal injury protection benefits provided by section 627.733, Florida Statutes (1983).
Palma sued State Farm for breach of contract in the Circuit Court of Palm Beach County and, after a six-day non-jury trial, suffered a judgment for the insurer. That judgment was appealed to this court, which reversed in Palma v. State Farm Fire & Casualty Co., 489 So.2d 147 (Fla. 4th DCA), rev. denied, 496 So.2d 143 (Fla. 1986), and remanded the cause to the trial court for entry of judgment for Palma, including costs and attorney's fees for the trial and appellate proceedings.
On remand the trial court held an evidentiary hearing, during which each side adduced testimony from expert witnesses regarding the value of the services rendered by Palma's counsel, and awarded an attorney's fee of $253,500.
State Farm has appealed the fee award, contending, among other things, that the award is excessive; that the Rowe[1] formula utilized by the trial court was not applicable, and, if applicable, it was not properly applied. We have seriously considered all of the arguments presented, but find no reversible error demonstrated by any of them.
It appears that State Farm decided to "go to the mat" over the bill for thermographic studies because, apparently, it is a diagnostic tool which is becoming more widely used contrary to State Farm's view of what is "necessary medical treatment" as provided in the statute. Having chosen to stand and fight over this charge, State Farm, of course, made a business judgment for which it should have known a day of reckoning would come should it lose in the end. The court described a similar situation in McGowan v. King, Inc., 661 F.2d 48, 51 (5th Cir.1981), in reversing what it termed a "stingy" allowance of attorney's fees:
The borrower's counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.
The trial of the case took six days during which eleven medical doctors and a chiropractic physician testified to all aspects of the medical procedure and study known as thermography. The trial judge entered a twenty-eight-page final judgment, in which he found that a thermographic examination was not a necessary medical service within the meaning of section 627.733, Florida Statutes (1983), and, thus, he entered judgment for State Farm. After this court reversed that decision, holding the trial judge's interpretation of the statute was too restrictive, the matter was remanded for a determination of costs and attorney's fees for Palma's counsel. At the evidentiary hearing for that determination, the court heard three expert witnesses testify that the 650[2] hours that Palma's counsel spent *1037 on the case were justified and that an hourly rate of $150 was reasonable. Based on this evidence, the trial court arrived at the lodestar amount under the Rowe formula to which he then applied a contingency-risk multiplier of 2.6. There was evidence supporting a higher multiplier. The expert testimony considered all of the necessary Rowe factors to arrive at a fair and reasonable attorney's fee and that testimony fully supported the trial judge's finding of $253,500.
State Farm contends that, even if the Rowe formula is applicable, the contingency-risk factor was not. We reject that argument, as did the trial judge, because counsel for Palma took the case on a contingency basis requiring him to prevail in order to receive compensation for his services. Quanstrom v. Standard Guaranty Insurance Company, 519 So.2d 1135 (Fla. 5th DCA 1988). Furthermore, the amount of the fee agreed to under the contract was a fee to be awarded by the court.
We are fully cognizant of the great disparity between the monetary sum recovered in the case and the amount of the attorney's fee. However, the parties elected to go toe-to-toe over the issue and they brought to bear all of their skill and resources to try to win the day as evidenced by the number of medical experts and the time of trial (which, had it been a jury trial, would doubtless have been much longer). Furthermore, the real issue was not an incidental medical bill. This record is clear that State Farm hoped to prove a point in this case regarding bills for this medical procedure that would avail it in other cases nationally. So, the stakes were high and the issue became complex, justifying the legal effort.
Finding no reversible error presented, we affirm the judgment appealed from.
LETTS and GUNTHER, JJ., concur.
NOTES
[1] Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
[2] Although appellant minimizes and denigrates the importance of the case and the 650 hours spent by appellee's counsel, appellant's counsel required 731 hours to prepare and present its case.