## GRES v VALUE RENT A CAR, INC.
### Case No. SO88-3415
County Court, Orange County

April 19, 1989

## OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

### *JUDGMENT AWARDING ATTORNEY'S FEES*

This cause came before this court on plaintiff's motion for attorney's fees based on Fla. Stat § 501.2105 (The Unfair and Deceptive Trade Practices Act).

### *FACTS*

The plaintiff rented an automobile from the defendant in West Palm Beach and then was driven to Key West. The evidence before the court was that the plaintiff was told by the defendant that she would not be

responsible for a "drop charge."[1] When the plaintiff arrived in Key West she three times attempted to return the vehicle to the Value Rent A Car lot but, unfortunately, there was no one at the lot to accept the vehicle.

When she returned the car the next day, the agent of the defendant informed her that not only would she have to pay for an extra day's use of the rental car, but she would have to pay for a drop charge, both of which, when added together, amounted to $82.00.

Based on this evidence the court found that the defendant was guilty of an unfair and deceptive trade practice by:

1. committing "bait and switch" regarding payment of a drop charge, and

2. charging the consumer for an extra days use of the vehicle when the reason for the extra days use was wholly the fault of the defendant.

## APPLYING THE LODESTAR METHOD IN CALCULATING ATTORNEY'S FEES

In 1985 the Florida Supreme court ruled that in calculating attorney's fees, when attorney's fees are awarded by statute, the court must use the lodestar method.[2] When calculating attorney's fees using the lodestar method, the court must multiply a reasonable hourly rate times the reasonable number of hours spent by the party entitled to attorney's fees. The court may then increase or decrease this amount depending upon the contingent nature of the case and the results obtained.

### REASONABLE HOURLY RATE

The evidence before the court was that the plaintiff's attorney had been practicing law for over 6 years. The plaintiff's expert attorney witness, James Simon, testified that the plaintiff's attorney should be paid an hourly rate of between $125-$135 an hour. The defendant's expert attorney witness, Barry Laboda testified that $85 an hour was reasonable. The court rules that based on the evidence presented to the court, $110 an hour is a reasonable hourly rate.

### REASONABLE NUMBER OF HOURS

The plaintiff's attorney claims that he spent 74.5 hours on this case.

---

[1] A drop charge is a fee charged by a car rental agency to transport the vehicle back from Key West to West Palm Beach.

[2] *Florida Patient's Compensation Fund v Rowe*, 472 So.2d 1145 (Fla. 1985).

The defendant's attorney does not dispute the time involved, but asserts that the time spent was clearly excessive, especially since the amount involved was only $82.00. The court disagrees with the defendant for a number of reasons.

The defendant spent 82 hours defending the case. Of this time, over 30 hours was spent by the defendant on the issue of change of venue. In truth the reason the plaintiff had to spend 75 hours prosecuting the case was because of the tenacious defense by the defendant.

In *City of Riverside v Rivera,* — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)[3] the United States Supreme Court pointed out at footnote 11 that:

"The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."

In another case, a federal court stated:

"Defendant's palter with respect to the amount of time effectively spent by plaintiff's counsel compared with the time shown on his time summary. But the court has observed the time required. Indeed to some extent the time expended was particularly with the defendant's control. The strenuous and able opposition exacted more time and greater effort from plaintiff's counsel."[4]

Finally, in the *State Farm Fire & Casualty Company v Palma,* 524 So.2d 1035 (Fla. 4th DCA 1988), the 4th DCA stated at page 1036:

"It appears that State Farm decided to "go to the mat" over the bill for thermographic studies because, apparently it is a diagnostic tool which is becoming more widely used contrary to State Farm's view of what is "necessary medical treatment" as provided in the statute. Having chosen to stand and fight over this charge, State Farm of course made a business judgment for which it should have known a day of reckoning would come should it lose in the end."

In light of the fact that the defendant spent more time in defending the case then the plaintiff did in prosecuting the case, the court does not find the 74.5 hours spent by plaintiff's attorney was unreasonable.

However just because the plaintiff actually spent 74.5 hours on the case does not mean he is entitled to compensation for the entire time period. The plaintiff filed a 3 count complaint, the first count based on

---

[3] In that case the United States Supreme court affirmed a ruling awarding the plaintiff attorney's fees which was 7 times the amount of damages.

[4] *Starks v Orleans Motors, Inc.,* 372 F. Supp. 928, 933 (U.S.D.C. La. 1974)

an Unfair and Deceptive Trade Practice, the second count for fraud and the third county for civil theft. Since the amount of time spent on the Unfair and Deceptive Trade Practice and fraud count were inextricably intertwined, the court rules that the plaintiff will be entitled to all the time spent on those two counts.[5]

The court did rule against the plaintiff on the civil theft count. However the evidence before the court was that the plaintiff only spent 1 hour on that issue. Since the issue of civil theft and Unfair and Deceptive Trade Practice are not inextricably intertwined, the court will deduct 1 hour from the total number of hours spent by the plaintiff on the case, or 73.5 hours.[6]

## PLAINTIFF IS ENTITLED TO A BONUS

The Florida Supreme Court has ruled that if a party is entitled to attorney's fees based on a statute and that a party's attorney takes a case on a contingent fee basis, the attorney will be entitled to a bonus.[7] The amount of the bonus will depend upon the plaintiff's likelihood of success at the beginning of the case.[8] If the likelihood of success is greater than 50% the plaintiff will be entitled to attorney's fee of 150% of his normal rate; if the likelihood of success is equal to the likelihood of failing, the fee will be 200% and if the likelihood of success is less than 50%, then the party entitled to attorney's fees will be entitled to a fee of between 250% to 300%.

The evidence before the court was that the plaintiff had a contract with his attorney that his attorney would be paid only if the attorney prevailed against the opposing party. Two courts have ruled that such a contract constitutes a contingency fee contract which would permit the prevailing party a bonus.[9]

The plaintiff's likelihood of success at the time the plaintiff took the case was about 50-50. The front page of the contract indicated that there would be no "drop off charge," but the plaintiff did not have the reverse side of the contract. Furthermore it would be a "swearing

[5] *Heindel v Southside Chrysler Plymouth,* 476 SO.2d 66 (Fla. 1st DCA 1985)

[6] *Hamilton v Palm Chevrolet-Oldsmobile, Inc.,* 388 So.2d 638 (Fla. 2d DCA 1980)

[7] *Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985)

[8] *Id.*

[9] *State Farm Fire & Casualty Insurance Company v Palma,* 524 So.2d 1035 (Fla. 4th DCA 1988); *Quanstrom v Standard Guaranty Insurance Company,* 519 So.2d 1135 (Fla. 5th DCA 1988)

contest" as to whether the court would believe the plaintiff or the defendant. Based on the above facts, the court rules that the plaintiff is entitled to 200% of his normal hourly rate.

## CALCULATING THE BONUS

The plaintiff's attorney spent 73.5 hours on this case of which 16.1 hours was spent litigating the issue of attorney's fees. Thus 57 hours was spent prior to the plaintiff obtaining a final judgment and 16.1 hours was spent after the plaintiff obtained the final judgment.

## THE PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES FOR LITIGATING THE ISSUE OF ATTORNEY'S FEES

In a Worker's Compensation case, the Florida Supreme Court has ruled that although an attorney would be entitled to recover the time spent litigating the issue of *entitlement* attorney's fees, he would not be entitled to recover the time spent litigating the *amount* of attorney's fees.[10] Were the court to apply that rule in this case, the plaintiff would not be entitled to the 16.1 hours spent litigating the issue of attorney's fees. For the reasons cited below, this court rules that the Florida Supreme Court decision should be limited to the area of Worker's Compensation and that the plaintiff should be entitled to attorney's fees for litigating the issue of attorney's fees.

Virtually every federal court which has employed the lodestar method of awarding attorney's fees, has permitted attorney's fees for litigating *both* the issue of entitlement and amount of attorney's fees.[11] In fact one court has permitted $150 an hour for litigating the issue of attorney's fees,[12] and another almost $40,000.[13]

The Federal Third Circuit, which was the first court to establish the

---

[10] *Crittenden Orange Blossom Fruit v Stone,* 514 So.2d 351 (Fla. 1987)

[11] *Black Grievance Committee v Philadelphia Electric Company,* 802 F.2d 648 (3d Cir. 1986); *In re Nucorp Energy Inc.,* 764 F.2d 665 (9th Cir. 1985); *Gabriele v Southworth,* 712 F.2d 1505 (1st Cir. 1983); *Riddle v National Democratic Party,* 712 F.2d 165 (5th Cir. 1983); *King v McCord,* 707 F.2d 466 (11th Cir. 1983); *McGown v King Inc.,* 661 F.2d 48 (5th Cir. 1980); *Copeland v Marshall,* 641 F.2d 880 (D.C. Cir. en banc 1980) *Gurule v Wilson,* 635 F.2d 782 (10th Cir. 1980); *Knighton v Watkins,* 616 F.2d 795 (5th Cir. 1980); *Bagby v Beal,* 606 F.2d 49 (6th Cir. 1979); cert den. 444 U.S. 880, 100 S.Ct. 170, 61 L.Ed.2d 110 (1980); *Lund v Affleck,* 577 F.2d 75 (1st Cir. 1978)

[12] *Williamsburg Fair Housing Committee v Ross Rodney Housing Corporation,* 599 F. Supp. 509 (S.D.N.Y. 1984)

[13] *Baird v Bellotti,* 616 F. Supp. 6 (D. Mass. 1985)

use of the lodestar method in awarding attorney's fees,[14] best explained why attorney's fees must be awarded for litigating the issue of attorney's fees.

> "If an attorney is required to spend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended will be correspondingly decreased. Recognizing this fact attorneys may be wary about taking Title VII cases, civil rights cases or other cases for which attorney's fees are statutorily authorized. Such a result would not comport with the purpose behind most statutory fee authorizations, viz the encouragement of attorneys to represent indigent clients and to act as private attorney generals in vindicating congressional policy."[15]

Recently the 3d DCA ruled that when attorney's fees are awarded based on the lodestar method, the party entitled to attorney's fees should be entitled to attorney's for litigating the issue of attorney's fees.[16]

## CALCULATING ATTORNEY'S FFES FOR LITIGATING THE ISSUE OF ATTORNEY'S FEES

The 3d Circuit has developed a two prong test to calculate the hourly rate that a prevailing party recovers for litigating the issue of attorney's fees. The trial court should:

1. allow the attorney the normal hourly rate, with no possibility of a bonus, but

2. consider the success or lack of success of the prevailing party on the sole issue of attorney's fees.[17]

Thus, if the prevailing party seeks $200,000 in attorney's fees but the trial court only awards $100,000, then the prevailing party's attorney's fees for litigating the issue of attorney's fees should be less than the normal hourly rate. In the *Black Grievance* case,[18] the 3d Circuit

---

[14] *Lindy Brothers of Philadelphia v American Radiator and Standard Sanitary Corporation,* 487 F.2d 161 (3d Cir. 1973); 540 F.2d 102 (3d Cir. 1976)

[15] *Prandini v National Tea Company,* 585 F.2d 47 at 52, 53 (3d Cir. 1977)

[16] *Tiedeman v City of Miami,* 529 So.2d 1266 (Fla. 3d DCA 1988)

[17] *Black Grievance Committee v Philadelphia Electric Company,* 802 F.2d 648 (3d Cir. 1986)

[18] *Black Grievance Committee v Philadelphia Electric Company,* 802 F.2d 648 (3d Cir. 1986)

reduced attorney's fees for litigating the issue of attorney's fees to $65 an hour.

One court increased the lodestar by 5% because the party liable for attorney's fees refused to stipulate to a reasonable attorney's fee.[19]

Since in this case the plaintiff was successful in obtaining most of the attorney's fees that he sought, the court will award attorney's fees at the normal hourly rate of $110.00 an hour.

## EXPERT WITNESS FEE

James Simon, a local attorney, testified as an expert witness on behalf of the plaintiff. The award of an expert witness fee is discretionary with the trial court.[20] This court rules that the witness is entitled to an expert witness fee of $300.00.

## SUMMARY

It is therefore ordered and adjudged that the plaintiff is entitled to attorney's fees of $110.00 an hour for the 57 hours spent prior to obtaining a judgment which equals $6,270. Since the plaintiff's attorney took this case on a contingent fee basis this sum will be doubled for a total of $12,450. The plaintiff's attorney will also be entitled to attorney's fees for 16.1 hours spent litigating the issue of attorney's fees, or $1,760. The total amount of attorney's fees comes to $14,300, for which let execution issue against the defendant Value Rent a Car, Inc.

There is no question that an amount of $14,300 for an $82.00 case seems absurdly high. However, as this court has stated previously, the defendant only has itself to blame for deliberately "making a mountain out of a molehill." The plaintiff was fighting for a very simple principle and the amount involved was really not the major issue. Hopefully this case will serve as a lesson to the defendant not to deceive their customers.

The court notes that there have been numerous cases where the amount of attorney's fees far exceeds the amount of damages. The United States Supreme Court approved of an attorney's fees award of $245,000, when the amount of damages was less than $45,000.[21] The 4th DCA has awarded $253,000 in attorney's fees when the amount

---

[19] *Citizens Coordinating Committee v Washington Metropolitan Transit Authority,* 568 F. Supp. 825 (D. D.C. 1983)

[20] *Travieso v Travieso,* 474 So.2d 1184 (Fla. 1985)

[21] *City of Riverside v Rivera,* — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)

recovered was only $600,000.[22] Finally, the 4th DCA awarded $87,000 in attorney's fees based on a judgment of only $193.[23]

Done and Ordered this 19th day of April, 1989.

---

[22] State Farm Fire & Casualty Company v Palma, 524 So.2d 1035 (Fla. 4th DCA 1988)

[23] *Royal Saxon Inc. v Jaye,* 536 So.2d (Fla 4th DCA 1988)