■ D. MEDES GRINEFF, Plaintiff, v ITHACA COLLEGE, Respondent, and NEW YORK STATE CRAFTSMEN, INC., Also Known as YORK STATE CRAFTSMEN, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: We affirm upon the opinion at Trial Term, Livingston, J., with the following additional comment: Reading the obligation of defendant Craftsmen to furnish a certificate of insurance with a "hold harmless" clause in the context of the agreement in which it is contained, as we must (10 NY Jur, Contracts, § 207), we do not find the language vague or ambiguous. By the first sentence of the paragraph treating of insurance Craftsmen undertook to "carry comprehensive public liability and property damage insurance". The obligation thus stated obviously encompassed coverage for Craftsmen, the procurer of the insurance. The requirement, subsequently stated, that the certificate of insurance "indicate that a 'hold harmless' clause is made part of the comprehensive public liability and property damage insurance coverage", may logically be interpreted, as Trial Term has done, as entailing additional insurance protection—for Ithaca College, the owner of the premises to be used by Craftsmen. Since the promise to obtain such coverage was a contractual obligation which was partial consideration for the college's permitting use of its premises, there is no reason to restrict the scope of the required clause so as to exclude the college's own active negligence, as

Craftsmen urges. Leaving aside the fact that this record contains no showing of the nature of the fault which caused the injuries for which plaintiff has been compensated, we give the word "harmless" its broad, dictionary meaning—"free from liability or loss—often used in the phrase to save harmless or to hold harmless" (Webster's Third New Int. Dictionary, p 1034). Thus, the college obtained from Craftsmen an undertaking to provide insurance protection to the college from any liability or loss which might descend upon it during the period of the utilization of the facilities by Craftsmen. (Appeal from order of Monroe Trial Term granting indemnification in negligence action.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ. [79 Misc 2d 832.]