OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated April 18, 1986, and supporting papers, defendant Al & Lou Construction Co., Inc., doing business as Aragona Shopping Center (Aragona) moves for an order dismissing the cross claim of Fay’s Drug Co. of Cohoes, Inc. (Fay’s) for attorney’s fees.
This litigation followed a fall by the plaintiff after exiting Fay’s in a shopping center parking lot owned and operated by Aragona. Pursuant to a lease between Aragona and Fay’s, Aragona was obligated to indemnify, defend and insure Fay’s Drug Co. for the type of injury sustained by the plaintiff. Following a motion by Fay’s, the Honorable Harold J. Hughes issued a decision and ordered that judgment be entered in favor of Fay’s dismissing the plaintiff’s action against it, and requiring Aragona to reimburse Fay’s for all expenses incurred in defending the action. Aragona now moves for dismissal of the cross claim for reimbursement on the grounds that Fay’s has sustained no defense costs. It is Aragona’s position that the attorneys for Fay’s were retained and compensated by its insurance company, the Crum and Forster Insurance Group. Because the decision and order of Justice Hughes did not require Aragona to reimburse Crum and Forster, and because Fay’s incurred no costs, Aragona should, arguably, be free of liability for defense costs.
Fay’s opposes the motion, and cross-moves for attorney’s fees incurred in defense of the action as ordered by Justice Hughes, and for an additional discretionary allowance, pursuant to CPLR 8303 (2), or, in the alternative, monetary sanctions for abusive litigation in bringing this motion. There appears to be no issue as to the reasonableness of the amount of attorney’s fees claimed by Fay’s.
In deciding this motion, the court must construe the decision and order of Justice Hughes, which is binding on this court by the law of the case doctrine. In his decision of September 18, 1984, Justice Hughes wrote "Fay’s is entitled to the relief requested against the codefendant Aragona upon the second cross claim since Aragona’s promise to procure liability insurance naming Fay’s as an additional insured renders it liable for Fay’s defense costs (see Grineff v. Ithaca Coll., 79 *67 Misc 2d 831, affd. 49 AD2d 669)”. Based in part upon that decision, Justice Hughes ordered that judgment be entered on the second cross claim in favor of Fay’s
For the reasons set forth below, the court finds that the decision and order of Justice Hughes should be construed to order Aragona to reimburse the defense costs of Crum and Forster.
Those knowledgeable of negligence litigation are aware that the party denominated the defendant is very often not the real party in interest. The notion that a defendant in a negligence suit is bearing the burden of the defense is often pure fiction. Of course, the named defendant is interested in the result, but the entity which stands to lose most in negligence litigation is usually the insurance carrier. In an attempt to minimize its liability and to provide competent representation for the named defendant, the defense attorney is retained and compensated by the insurer. The decision and order of Justice Hughes were surely issued with the fundamental knowledge that requiring payment of Fay’s defense costs was tantamount to requiring reimbursement of the insurance company’s defense costs. Given the realities of negligence defense litigation, this court will not accept the contention that Justice Hughes intended to issue an empty order only benefiting the nominal defendant. By ordering payment of defense costs to Fay’s, Justice Hughes was merely maintaining a legal fiction.
As a further indication that the intent of Justice Hughes was to require reimbursement of the insurer, Grineff v Ithaca Coll. (79 Misc 2d 831, affd 49 AD2d 669) an analogous case cited as authority in his decision, held that defendant Ithaca College, or its carrier, was entitled to reimbursement from the codefendant.
Addressing the cross motion for discretionary costs, Fay’s has not made a sufficient showing that this litigation was difficult or extraordinary. (See, the criteria set forth in Schwartz v Bartle, 51 Misc 2d 215.) Moreover, generally, the additional allowances provided for by CPLR 8303 (a) (2) do not apply to negligence actions. (McGrath v Irving, 24 AD2d 236.)
Finally, the court will not order sanctions for abusive, frivolous, capricious or unreasonable legal maneuvering on the part of the defendant in making this motion. As the foregoing decision indicates, there was a legitimate question as to the scope of Justice Hughes’ decision and order. Aragona was justified in questioning its liability.
*68 Accordingly, the motion by Aragona is, in all respects, denied. The cross motion is granted to extent that the court will issue a judgment in favor of Fay’s for attorney’s fees in the amount of $6,571.74, with costs, the amount sought in the notice of cross motion. A request for an additional amount sought in a supplemental affidavit for research in additional allowances and sanctions is denied. Aragona should not be required to reimburse Fay’s for making a motion lacking merit.