COBB, Judge.
Bravo Electric Company appeals a partial summary judgment holding it liable for attorney fees and costs incurred by Carter Electric Company in defending a negligence action brought against them jointly. The suit alleged that Bravo was actively negligent and that Carter was vicariously liable.
Faced with defending that action below, Carter’s insurer demanded that Bravo provide a defense and hold it harmless for the costs. Bravo’s insurer denied this demand even though it was fully justified under common law principles of indemnity. Bravo was unwilling to provide any defense to Carter, even one in common with itself. Therefore, Carter’s insurer had no alternative but to retain its own counsel and present its own defense.
The trial judge was eminently correct in entering summary judgment for Carter and its insurer on the issue of Bravo’s liability for attorney fees and costs. Moreover, Bravo has not even raised as a point on appeal the argument urged by the dissent; absent fundamental error, it should not be considered. See Lynch v. Tennyson, 443 So.2d 1017 (Fla. 5th DCA 1983). The argument advanced by Bravo on appeal is that Carter’s counsel employed a closing argument at trial which was detrimental to Bravo, an argument totally irrelevant to the issue of indemnification between an actively negligent and passively negligent tort-feasor.
AFFIRMED.
ORFINGER, J., concurs.
COWART, J., dissents with opinion.