544 So.2d 1022 (1989)
Maria Isabel PEREZ-BORROTO, Petitioner,
v.
Cesar BREA, M.D., Respondent.
No. 73007.
Supreme Court of Florida.
June 8, 1989.
*1023 Gerald E. Rosser of Gerald E. Rosser, P.A., Miami, for petitioner.
Lanza, O'Connor, Armstrong, Sinclair & Tunstall, P.A., Coral Gables, and Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, for respondent.
OVERTON, Judge.
We have for review Brea v. Perez-Borroto, 529 So.2d 824 (Fla. 3d DCA 1988), in which the district court certified the following question as one of great public importance:
Is the trial court limited by the non-contingent fee agreement between attorney and client when the trial court applies the principles set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), to determine an attorney's fee award pursuant to section 768.56, Florida Statutes (1983) (repealed ch. 85-175)?
Id. at 824. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and quash the district court's decision.
In this case, Dr. Brea prevailed in a medical malpractice action, entitling him to an award of attorney's fees pursuant to section 768.56, Florida Statutes (1983). Citing our decision in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), the trial court awarded a fee of $43,000, which was the amount defense counsel had billed Dr. Brea's insurance carrier under their fee agreement providing for payment of $60 per hour and $700 per trial day. Defense counsel contended he was entitled to a fee computed at $125 to $250 per hour, which is the amount expert testimony established as a reasonable fee for a single representation. On appeal, the district court agreed with that position and reversed the trial court, finding that our decision in Rowe "limits fees in contingent fee cases but does not impose the same limitations in non-contingent fee matters," 529 So.2d at 824 (citing Maserati Automobiles, Inc. v. Caplan, 522 So.2d 993 (Fla. 3d DCA 1988), and Alston v. Sundeck Products, Inc., 498 So.2d 493 (Fla. 4th DCA 1986)).
We recently addressed the other side of this question in Miami Children's Hospital v. Tamayo, 529 So.2d 667 (Fla. 1988). In that case, we limited plaintiff's counsel to a forty percent contingent fee agreement where plaintiff recovered a $5,000 judgment in a medical malpractice action, applying the Rowe principle, that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." 472 So.2d at 1151. In this case, defense counsel argues that the Rowe principle should not apply to him because there was no contingent fee agreement and our contract limitation statement in Rowe applies only to contingent fee contracts. It is our view that the principles of Rowe must apply equally to both plaintiff and defendant in this type of action. To rule that one side is limited to a prior fee agreement while the other is not would be unfair. The playing field must remain balanced and the principles of Rowe applied equally to both sides. We emphasize again that "all the factors contained in Rowe apply whenever the lodestar approach applies." 529 So.2d at 668 (emphasis added).[*]
For the reasons expressed above, we answer the certified question in the affirmative, quash the decision of the district court of appeal, disapprove Maserati, Alston, and Ronlee, Inc. v. Arvida Corp., 515 So.2d 372 (Fla. 4th DCA 1987), and remand *1024 this cause to the district court with directions to reinstate the final judgment of the trial court.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] This holding is not intended to control the special problems in domestic cases. See Winterbotham v. Winterbotham, 500 So.2d 723 (Fla. 2d DCA 1987); Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA 1986).