JORGENSON, Judge
(specially concurring).
International Bankers concedes that it never offered into evidence the Authority for Representation which the majority asserts is the controlling fee agreement. Moreover, International Bankers itself offered into evidence the letter of February 19, 1985, which set forth a hybrid fee agreement. The issue of which document controls, however, is mooted by the supreme court’s recent holding in Perez-Borroto v. Brea, 544 So.2d 1022 (Fla.1989). Brea extends Miami Children’s Hosp. v. Tamayo, 529 So.2d 667 (Fla.1988) to limit the trial court to the terms of a non -contingent fee agreement between attorney and client when applying the principles of Rowe to determine a statutory award of fees.
The Wegeners acknowledge that their right to a reasonable attorney’s fee derives from section 627.428, Florida Statutes (1987), which mandates that the trial court shall award against the insurer and in favor of the insured a reasonable sum as fees for the insured’s attorney prosecuting the action in which recovery is had. Had the Wegeners’ attorney elected to receive either a statutory award of fees to be determined by the trial court if his clients prevailed or no fee whatsoever if his clients lost, the fee awarded below would be af-firmable. See State Farm Fire & Casualty Co. v. Palma, 524 So.2d 1035 (Fla. 4th DCA 1988) (multiplier appropriate where attorney took case on contingency basis requiring that if he prevailed fee would be that which the court deemed reasonable); Quanstrom v. Standard Guar. Ins. Co., 519 So.2d 1135 (Fla. 5th DCA 1988) (trial court properly applied multiplier where fee agreement provided for reasonable fee allowable under § 627.428 rather than percentage of any recovery). The awards in both Quanstrom and Palma were upheld even though, as below, the fees awarded by the trial court substantially exceeded the amount in controversy in the underlying litigation.
Due in large measure to International Bankers’ intransigent behavior, the Wegen-ers’ attorney expended between 450 and 500 hours on his clients’ behalf. Brea requires that he receive a fee of $11,250, which works out to an hourly rate of $22.50. By anyone’s calculation, the fee is *686 an absolute — and inequitable — windfall for International Bankers.