551 So.2d 501 (1989)
MASERATI AUTOMOBILES INC. and Alfieri Maserati, S.P.A., Appellants,
v.
Robert CAPLAN, Appellee.
No. 88-2414.
District Court of Appeal of Florida, Third District.
August 1, 1989.
Rehearing Denied November 17, 1989.
Yelen and Yelen and Jan Yelen, Coral Gables, for appellants.
Young, Stern & Tannenbaum and Barry Franklin and Andrew S. Berman, North Miami Beach, for appellee.
Before FERGUSON, COPE and LEVY, JJ.
LEVY, Judge.
Automobile manufacturers Maserati Automobiles Incorporated and Alfieri Maserati, S.P.A. [collectively Maserati] challenge the trial court's post-remand award of attorney's fees to automobile purchaser Caplan in his action predicated upon Maserati's sale to him of a defective automobile. We affirm in part and reverse in part.
*502 This case picks up, literally, where Maserati Automobiles Incorporated v. Caplan, 522 So.2d 993 (Fla. 3d DCA 1988) [Maserati I] left off. When we last left our intrepid travelers, both Maserati and Caplan had challenged the trial court's award of attorney's fees after the jury had returned a verdict and the court entered final judgment thereon in favor of Caplan. Caplan had alleged negligence, breach of warranty, and statutory violations of both the Magnuson-Moss Warranty Act, 15 U.S.C.A. §§ 2301-12 (1982), and the Florida Motor Vehicle Warranty Enforcement Act (the "Lemon Law"), Chapter 681, Florida Statutes (1983). Maserati appealed the final judgment on several grounds including the award of fees; Caplan cross-appealed only the fee award.
As to Maserati's appeal, the panel in Maserati I concluded that the trial court incorrectly based the award of attorney's fees upon its own recollection of the case rather than upon the evidence presented by the parties, and so reversed and remanded the case for an evidentiary hearing to determine reasonable fees for preparing the statutory claims against Maserati. As to Caplan's cross-appeal, the Maserati I panel agreed with Caplan that the trial court erred in finding that it was without the authority to award an attorney's fee in excess of the fixed-fee agreement between Caplan and his counsel to pay an initial fee of $125.00 per hour, and in failing to provide specific findings in accordance with Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The matter was remanded and the trial court was instructed to "re-evaluate the attorney's fee award pursuant to the formula set forth in Rowe, without limiting the fee to Caplan's initial agreement." Maserati, 522 So.2d at 997.[1] Maserati now challenges the product of the trial court's second effort to properly award attorney's fees.
The Court, in entering the final judgment awarding attorney's fees after remand, attempted to follow the Rowe formula by first determining that 410 hours were reasonably and necessarily expended on behalf of Caplan for trial purposes and by then multiplying the 410 hours expended by an "averaged" hourly rate of $150.00 to determine the base fee  i.e., the "lodestar"  of $61,500,00. The Court then proceeded to enhance the base fee, in consideration of the "results obtained" factor discussed in Rowe, by a multiplier of 1.35, thus yielding the $83,025.00 figure for attorney's fees at the trial level.
The trial court erred, however, when it applied a multiplier to the base fee in recognition of the "results obtained." Caplan's contract with his counsel was not a contingent fee contract, but, rather, a fixed fee contract by which he obligated himself to pay $125.00 per hour. Under Rowe, however, it is only contingent fee contracts which are susceptible of enhancement by use of a multiplier. Rowe, 472 So.2d at 1151. If the results obtained herein are to be recognized at all in the award of attorney's fees, they must be considered, as discussed earlier, at the front end of the computation as part of the determination of the hourly fee. We thus reverse the application of the 1.35 multiplier to the base fee/"lodestar."
Upon the prior remand, the trial court noted that most of the trial services rendered on Caplan's behalf were rendered by Mr. Franklin, a partner, for whom a reasonable hourly rate would be $175.00, but that some work was performed by the firm's associates who were billed out at lower rates. Accordingly, the court found it "fair and equitable to apply `an averaged' hourly rate of $150.00 per hour." While we find that there is substantial competent evidence in the record to affirm the trial court's findings that both the 410 hours for the trial work and the $150.00 per hour rate are reasonable, the record is silent as to whether the trial court has already considered the "results obtained" factor when it determined a reasonable hourly rate to be $150.00 instead of the *503 $125.00 fee to which Caplan and his counsel originally agreed. Accordingly, a remand is necessary for clarification and specific findings on this point.
We are cognizant of the Supreme Court's recent pronouncement on the matter of attorney's fees in Perez-Borroto v. Brea, 544 So.2d 1022, (Fla. 1989), and address, as an additional issue, its impact upon our analysis. Appellee urges this Court to apply the "law of the case" doctrine to the extent that appellee seeks to have us follow the holding of the panel in Maserati I wherein it was provided that the trial court, in setting a reasonable fee, was not limited by the $125.00 per hour figure contained in the contract that appellee had with his attorney. In view of the fact that Perez-Borroto specifically disapproved Maserati I, it is clear that Perez-Borroto, rather than Maserati I, now constitutes the principle of law that this Court must follow. In disapproving Maserati I, Perez-Borroto held that a trial court is limited by the non-contingent fee agreement between attorney and client when the trial court applies the principles set forth in Rowe to determine an attorney's fee award. The fee agreement in this case, between Caplan and his counsel, was just such a noncontingent fee agreement by which Caplan obligated himself to pay $125.00 per hour. Multiplying this hourly fee by the 410 hours expended by counsel yields contractual attorney's fees in the amount of $51,250.00.
Finally, the trial court, having first arrived at an award of attorney's fees utilizing the court-determined "reasonable" hourly rate, must thereafter, following Perez-Borroto, take the additional step of comparing the court-determined "reasonable" fee award with the fee which would otherwise obtain under the noncontingent fee agreement, and, having done so, then award the lower of the two.[2] "[I]n no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." Perez-Borroto, 544 So.2d at 1023, citing Florida Patient's Compensation Fund v. Rowe, 472 So.2d at 1151. Accordingly, we remand on this point as well for such further proceedings as may be consistent herewith.
As far as appellants' challenge to the appellate attorney's fees awarded to appellee in connection with Maserati I is concerned, we do not agree with appellant's position, and, accordingly, affirm that particular award.
Affirmed in part, reversed in part.
NOTES
[1] This procedure was specifically disapproved in Perez-Borroto v. Brea, 544 So.2d 1022 (Fla. 1989).
[2] While we recognize that, under the facts of this case, utilizing a "reasonable" hourly rate of $150.00 (whether inclusive or exclusive of enhancement based upon "results obtained") will yield an award in excess of that which would be arrived at by using the agreed contractual rate of $125.00 per hour, the "reasonable" hourly fee will not always exceed the contract fee. The dual computation of the fees, and their comparison, is thus required by Perez-Borroto.