Don D. MASEDA and Maria
Maseda, Plaintiffs,

v.

HONDA MOTOR CO., LTD., American
Honda Motor Co., Inc., and the Packer
Corp. d/b/a Packer Pontiac of Miami,
Defendants.

No. 85–3050–CIV.

United States District Court,
S.D. Florida.

Aug. 28, 1989.

Larry M. Roth, Rumberger, Kirk, Cladwell, Cabaniss, & Burke, Orlando, Fla., for Honda Motor Co. and America Honda Motor Co.

Sams, Ward & Newman, P.A., Newman & Lovell, P.A. by Murray Sams, Jr., Miami, Fla., for plaintiffs.

Kubicki, Bradley, Draper, Gallagher & McGrane, P.A. by Robert B. Brown, III, Miami, Fla., for the Packer Corp.

---

ORDER DENYING HONDA'S MOTION
FOR ENTRY OF JUDGMENT AND
GRANTING ATTORNEY'S FEES

ATKINS, District Judge.

THIS CAUSE is before the court on the defendants Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s ("Honda") motions for entry of judgment and for Rule 11 Sanctions, Hartford Accident and Indemnity Co.'s ("Hartford") motion to intervene, and The Packer Corp d/b/a Packer Pontiac of Miami's ("Packer") motion to amend the cross claim. After carefully considering all of the pleadings and the relevant law, it is

ORDERED AND ADJUDGED that Honda's motion for entry of judgment is DENIED. It is further

ORDERED AND ADJUDGED that Hartford's motion to intervene and Packer's motion to amend the crossclaim are DENIED. It is further

ORDERED AND ADJUDGED that Honda's motion for Rule 11 Sanctions is DENIED.

Honda is directed to pay to Packer attorney's fees in the amount of $18,750.00 exclusive of costs.

## I. *Motion for Entry of Judgment:*

On December 19, 1988, the Eleventh Circuit decided that Packer was entitled to reasonable attorney's fees and remanded for a determination consistent with its opinion. *See Maseda v. Honda Motor Co., Ltd.,* 861 F.2d 1248 (11th Cir.1988). Despite the Eleventh Circuit's pronouncement in favor of Packer, Honda has moved for entry of judgment in its favor on the issue of attorney's fees. For the following reasons, Honda's motion is denied.

Honda argues that it is entitled to judgment in its favor and against Packer for attorney's fees and costs because Packer's insurer Hartford and not Packer retained the law firm and generated the fees in question. Packer never became legally obligated for the legal services and thus never incurred any losses. The firm's billing statements were submitted to Hartford and not Packer. Honda urges that since the evidence firmly established that Hartford was the client who retained the firm and incurred the expense, Packer should not be entitled to recoup attorney's fees and costs it never paid.

Although no Florida case bears directly on this issue, Packer cites as persuasive, although not binding, *Ross v. Fay's Drug, Co.,* 132 Misc.2d 65, 502 N.Y.S.2d 945 (N.Y. Sup.Ct.1986), in which the court considered the very argument advanced by Honda in this case and opined:

Those knowledgeable of negligence litigation are aware that the party denominated the defendant is very often not the real party in interest. The notion that a defendant in a negligence suit is bearing the burden of defense is often pure fiction. Of course, the named defendant is interested in the result, but the entity which stands to lose the most in negligence litigation is usually the insurance carrier. In an attempt to minimize its liability, and to provide competent representation for the named defendant, the defense attorney is retained and compensated by the insurer. The decision and order [requiring reimbursement of fees] were surely issued with the fundamental knowledge that requiring payment of [the defendant's] defense costs was tantamount to requiring reimbursement of the insurance company's defense costs. Given the realities of negligence defense litigation, this Court will not accept the contention that [the presiding judge] intended to issue an empty order only benefiting the nominal defendant. By ordering payment of defense costs to [the defendant], [the court] was merely maintaining a legal fiction.

*Id.* 502 N.Y.S.2d at 946.

The opinion of the Eleventh Circuit was "surely issued with the fundamental knowledge" that requiring payment of defense costs was requiring reimbursement of Packer's insurance carrier's fees. To decide otherwise would render the decision of that court a nullity. *See Jones v. St. Paul Fire & Marine Ins. Co.,* 108 F.2d 123, 125 (5th Cir.1939) (as a general rule, the court on remand should try to enter a judgment that is consistent with the ruling of the appellate court).

In support of its position that Packer incurred no legal obligation for attorney's fees, Honda cites *Bravo Electric Co. Inc. v. Carter Electric Co.,* 532 So.2d 698, 702–03 (Fla.Dist.Ct.App.1988) (Cowart, J. dissenting), which argued that:

Because the contractor's defense was provided by its insurer as a prepaid contractual duty, the contractor has paid no mcney and incurred no legal liability for attorney's fees and has absolutely no legal duty to reimburse its own insurer for that expense. There is nothing for

which the contractor is entitled to be indemnified and, therefore, the subcontractor has no duty, contractual or at common law, to indemnify the contractor for attorney's fees. Actually, the contractor's insurer which paid the attorney's fees and is the real party in interest in this controversy, has only the right of subrogation, not indemnification, and under the doctrine of subrogation the insurer figuratively steps into the very shoes of its insured, the contractor, and its insured, the contractor, is not entitled to indemnification from the subcontractor for attorney's fees which the contractor did not incur.

*Id.* Although this argument supports Honda's position, it was rejected by the majority which held the subcontractor liable for the contractor's defense costs. *Id.* at 699.

Given the realities of negligence litigation in which the real party in interest is often the insurance carrier, the better view is that espoused by the court in *Ross,* a view implicitly adopted by the appellate court in this case which "emphasize[d] that Packer may recover only expenses incurred in defending against the plaintiffs' allegations and not expenses incurred to establish its claim for indemnity." *Maseda,* 861 F.2d at 1257.

Because Packer is entitled to recover those expenses incurred in defending against the plaintiffs' allegations, its motion to amend the cross claim and Hartford's motion to intervene are denied.

For the reasons recited, Honda's motion for entry of judgment or in the alternative to reserve ruling is denied.

II. *Motions to Amend the Cross Claim and to Intervene:*

█ Packer seeks attorneys' fees on the basis of "a reasonable fee" for the work by its insurer's attorneys rather than in the amount actually paid by Hartford. Packer argues that is should not be limited in its recovery by a prior fee arrangement.

III. *Determination of Attorney's Fees:*

State law governs the determination of attorney's fees under indemnity claims, *see Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975), therefore Florida law controls the issue before this court. In a recent decision, the Florida Supreme Court addressed the question of whether the court is limited by a prior non-contingent fee agreement between attorney and client when the court determines an attorney's fee award. *Perez–Borroto v. Brea,* 544 So.2d 1022 (Fla. 1989).

In *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145 (Fla.1985), the court decided that "in no case should the court-awarded fee exceed the fee arrangement reached by the attorney and his client." *Id.* at 1151. *Rowe* was limited by its facts to a contingent fee arrangement. In *Brea,* the court extended *Rowe* to include non-contingent fee arrangements and stressed that "[t]o rule that one side is limited to a prior fee agreement while the other is not would be unfair." *Brea,* 544 So.2d at 1023. The court "emphasize[d] again that '*all* the factors contained in *Rowe* apply whenever the lodestar approach applies.'" *Brea,* 544 So.2d at 1023 (quoting *Miami Children's Hospital v. Tamayo,* 529 So.2d 667, 668 (Fla.1988)) (emphasis in original). It is evident that the court was not limiting its ruling to those cases in which the award of attorney's fees arose under a statute but was applying it to all cases in which the lodestar approach applies.

Packer points out that *Bosem v. Bosem,* 279 So.2d 863 (Fla.1973) and "other cases were left untouched [which] would indicate that in certain situations awards of a 'reasonable' fee may still exceed prior fee arrangements." *See* Defendant/Cross–Plaintiff's, Packer Pontiac of Miami, Memorandum of Law in Opposition to Honda Motor Company, Ltd., and American Honda Motor Co.'s Memorandum of Law on Taxation of Reasonable Attorneys' Fees and Costs at 4 (hereinafter "Packer's Memorandum on Taxation"). In *Brea,* the court acknowledged the special problems inherent in domestic cases. 544 So.2d at 1023 n.*; *see also Tamayo,* 529 So.2d at 668 (domestic relations cases are distinguishable by their nature and circumstances). Packer has not

argued any "special problems" inherent in common law indemnity cases that would except them from the rationale of *Brea.*

Packer also urges that because *Brea* concerned an award of statutory fees, it is not necessarily applicable to a case involving common law principles of indemnity. The court emphasized, however, that the ruling was applicable to all cases in which the lodestar determination is to be applied, reasoning which rebuts Packer's argument. *Brea,* 544 So.2d at 1023.

For the reasons recited, this court finds that the award of attorney's fees in this case is limited by the prior fee arrangement between Hartford and its attorney.

## IV. *Rule 11 Sanctions:*

█ Honda asks this court to impose Rule 11 sanctions against Packer for filing affidavits seeking attorney's fees in excess of the fee arrangement. Honda points out that, in contrast to Packer's affidavits claiming $64,997.55 in attorney's fees and costs exclusive of the time incurred in pursuing the indemnification claim,[1] the actual billing statements indicate that Hartford paid only $26,295.00 in fees and costs inclusive of the time incurred in pursuing the indemnification claim.

Rule 11 requires that the position of a party be "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose...." Fed.R.Civ.P. 11. Review of the relevant law on the issue for which Honda seeks sanctions shows that Packer's position was warranted by existing law at the time of its argument. In addition, consistent with ethical standards, Packer duly informed the court of the change in the law that undermined its position. *See* Packer's Memorandum on Taxation at 4. Therefore Honda's motion for Rule 11 sanctions is denied.

## V. *Calculation of Fees:*

█ The affidavits submitted show that Hartford was billed for the following:

Services rendered between 5/30/78—4/4/80 = 208.8 hrs at $60.00 per hr for a total of $12,528.00.

Services rendered between 3/14/80—7/14/80 = 44 hrs at $60.00 per hr for a total of $2,640.00.

Services rendered between 8/14/80—6/23/82 = 74.1 hrs at $65.00 per hr for a total of $4,816.50.

The total time billed equaled 326.9 hours for a total charge of $19,984.50 exclusive of costs.

Honda also argues, and persuasively, that Packer should be limited in its recovery to those fees generated as a result of matters for which it is entitled to indemnification. *See, e.g., Shannon v. Kaiser Aluminum and Chemical Corp.,* 749 F.2d 689, 690 (11th Cir.1985) ("[U]nder Florida law, the general rule is that an indemnitee ... is entitled to recover reasonable attorney's fees and legal costs which he is compelled to pay as a result of suits brought against him relating to matters for which he is entitled to be indemnified.") (citing *Brown v. Financial Indemnity Co.,* 366 So.2d 1273, 1274 (Fla.Dist.Ct.App.1979); *see also Skidmore, Owings and Merrill v. Volpe,* 511 So.2d 642, 645 (Fla.Dist.Ct.App. 1987)).

This conclusion is consistent with the Eleventh Circuit's intention that Packer recover only those fees and costs for which it was entitled to indemnification. *Maseda,* 861 F.2d at 1257 (only expenses incurred in defending against the plaintiff's allegations and not those associated with establishing its claim for indemnity).

This court, having considered the affidavit of Honda's expert, directs Honda to pay to Packer attorney's fees in the amount of *$18,750.00.* Costs will be taxed by separate order.

DONE AND ORDERED.

---

**1.** The Eleventh Circuit expressly omitted from its decision the time incurred in pursuing the indemnification claim. *Maseda,* 861 F.2d at 1257.