862 So.2d 876 (2003)
Julie LEVINE, Appellant,
v.
Herbert KEASTER, Appellee.
No. 4D03-648.
District Court of Appeal of Florida, Fourth District.
December 17, 2003.
*878 James A. Herb of Herb & Mednick, P.A., Boca Raton, for appellant.
Michael J. Lavery of Michael J. Lavery, P.A., Boynton Beach, for appellee.
ROSENBERG, ROBERT A., Associate Judge.
This unnecessarily contentious (and convoluted) matter is before this court on issues related to attorneys' fees.[1] This court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.110(a)(1).
Herbert Keaster, appellee, filed suit against Julie Levine, appellant, alleging *879 causes of action for the unauthorized recording, use, and disclosure of private telephone conversations. A default was entered against Levine. Levine subsequently filed a Motion to Quash Service of Process and Set Aside Default. Attached to the motion was an affidavit alleging that she did not reside at the New Jersey address where service of process was made. The trial court denied the motion without prejudice and scheduled an evidentiary hearing. Levine appealed the trial court's order (case number 4D02-1939).[2] This court relinquished jurisdiction for the subsequent evidentiary hearing.
Keaster, while the appeal was pending, filed a Motion to Strike/Motion for Contempt in the trial court alleging that Levine had perjured herself in the affidavit. On August 14, 2002, the trial court held a hearing on the motion. At the hearing, the trial court learned that Levine's attorney had communicated with her at the New Jersey address where service was made. This contradicted Levine's statement in her affidavit that she did not reside, and moreover, never resided at that address. The trial court issued an Order To Show Cause why she should not be held in civil contempt and be sanctioned. A hearing was held on October 10, 2002, but Levine failed to appear. On October 29, 2002, the court entered an Order holding Levine in civil contempt and imposing attorneys' fees, costs and sanctions. The Order states as follows: "Defendant Julie Levine failed to attend the hearing or present any credible firsthand evidence to justify her conduct with regard to submitting a perjured Affidavit to this Court." In addition, the trial court determined that Keaster was entitled to attorneys' fees and costs, and placed a $1,000 sanction on Levine.
Levine filed a Supplemental Notice of Appeal of a Non-Final Order in Case No. 4D02-1939, appealing the October 29, 2002 order. This court dismissed that appeal but left the original appeal pending. Levine then filed a motion for rehearing of the October 29, 2002 order which was denied by the trial court.
Keaster subsequently filed a Motion to Determine Amount of Plaintiff's Attorney's Fees. A hearing was held and on January 7, 2003, Keaster's attorney submitted an affidavit attesting to the amount of attorneys' fees expended. The affidavit stated that the total amount of attorneys' fees was $20,412.36 and the total amount of costs was $1,284.30. At the hearing, Keaster presented the testimony of Jeff Brown, an expert witness who had reviewed the pleadings and motions that were filed in the case. He testified that reasonable attorneys' fees for the matter were $25,000. Levine presented no evidence or rebuttal testimony. The trial court entered an order in favor of Keaster awarding attorneys' fees of $24,000, costs of $1,284.30 and expert fees of $1,500. Levine again filed a motion for rehearing which was denied by the trial court.
The specific matters raised on appeal are:[3]
1. Whether the trial court committed reversible error in finding that Keaster *880 was entitled to attorney's fees, costs, and expert witness fees.
2. Whether the trial court committed reversible error in determining the amount of attorney's fees awarded.
We affirm the trial court on the first issue, and reverse on the second.
I. THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR IN FINDING THAT APPELLEE WAS ENTITLED TO ATTORNEYS' FEES
Levine argues that the trial court committed the following reversible errors in determining Keaster was entitled to attorneys' fees and costs:
A. Denying due process by holding a hearing, effectively, on two day's notice, and denying motions for continuance;
B. Denying due process by overruling the objections at the August 14, 2002 hearing, on the grounds that Levine was in default on the main action;
C. Granting Keaster the relief he requested at the August 14, 2002 hearing when he submitted no admissible evidence.
D. Entering an order dated September 9, 2002, prepared by the attorney for Keaster, which contained various findings of fact and case citations not pronounced by the trial court;
E. Including in that order findings of fact, where no documents or testimony were put into evidence before the trial court.
F. Denying due process by entering the September 9, 2002 order, setting another hearing on the issue of contempt, finding that her affidavit was false, and specifically placing the burden on Levine to "show why she should not be held in civil contempt for filing a false affidavit in this court and why this Court should not impose sanctions upon her as a result of that conduct."
G. Denying due process by entering the October 29, 2002 contempt order, following the October 10, 2002 hearing in which appellee failed to carry the burden of proof by failing to submit evidence in its case in chief, and where the only testimony was by the mother of appellant regarding Levine's residence address.[4]
The court finds the issue of entitlement to fees is properly before this court.[5] The goal of civil contempt is remedial and for the benefit of the complainant. See Levey v. D'Angelo, 819 So.2d 864, 867 (Fla. 4th DCA 2002). If a party is found in contempt, it is proper for the court to compensate the injured party by assessing attorney's fees for the contempt proceedings. See Lake Worth Utils. Auth. v. Haverhill Gardens, Ltd., 415 So.2d 125 (Fla. 4th DCA 1982). Compensation must be based upon evidence of an injured party's actual loss. See Levey, 819 So.2d at 868.
*881 In the instant case, the trial court found that as a direct result of Levine's conduct, Keaster had been unnecessarily compelled to expend attorney's fees for representation emanating from the filing of Levine's fraudulent affidavit on March 11, 2002. The arguments raised by Levine, on this issue, are unsupported or insupportable, and in any event unpersuasive. Accordingly, the trial court was within its authority to order Levine to pay attorneys' fees. Its decision to do so is affirmed.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THE AMOUNT OF ATTORNEY'S FEES
In her second point on appeal, Levine argues that the trial court made the following reversible errors regarding the amount of attorney's fees awarded to Keaster:
A. Failing to set forth findings as to the reasonable number of hours and the reasonable hourly rate, as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985);
B. Awarding an amount of fees in excess of that agreed to between appellee and his counsel, in violation of Perez-Borroto v. Brea, 544 So.2d 1022 (Fla. 1989);
C. Awarding a fee for time spent by Keaster's attorney in preparing two orders when the time was spent to:
(1) Add findings of fact and statements of law, not pronounced by the court; and
(2) In an attempt to try to make the orders "appeal proof."

Point A
In computing attorneys' fees, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the nature of the litigation or the representation. See Rowe, 472 So.2d at 1151. It is mandatory that an order awarding attorney's fees set forth findings as to the time reasonably expended, the hourly rate, and other factors considered, if any. See Wolfe v. Nazaire, 758 So.2d 730 (Fla. 4th DCA 2000). In the instant case, the trial court's order violates this rule because it does not set forth any factual findings regarding the time expended, the hourly rate, or any other factors considered.
Moreover, this case is distinguishable from Blits v. Renaissance Cruises, Inc., 647 So.2d 971 (Fla. 4th DCA 1994), where this court found that the failure to have more explicit findings was harmless error. There are no statements in the record here, either in the order, or in the hearing transcript, explaining the basis for the attorneys' fees award. Therefore, it is not clear if the trial court followed the appropriate formula set out in Rowe.
This court thus reverses the decision of the trial court and remands for the entry of a written order containing the necessary findings. The trial court need not, however, hold a new evidentiary hearing if it is able to enter a written order from its notes or a transcript of the pertinent hearing. See Simhoni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003).

Point B
Levine argues that it was error for the trial court to award Keaster an amount of attorneys' fees approximately $4,000 higher than the amount reflected in the affidavit provided by Keaster's attorney. She argues this violates the Florida Supreme Court's holding in Perez-Borroto, that a trial court is limited by a non-contingent fee agreement between the attorney and *882 the client when the trial court applies the principles set forth in Rowe. Levine contends that the affidavit submitted by Keaster's attorney is reflective of the actual fee that would be charged to Keaster, and therefore, the trial court erred in awarding an amount in excess of that. However, in the instant case, there was no evidence of any fee agreement between Keaster and his attorney. The trial court is thus free to award an amount of attorney's fees that it deems reasonable.
In determining reasonableness, the trial court can consider many criteria including:
1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
2) The likelihood, apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
3) The fee customarily charged in the locality for similar legal services.
4) The amount involved and the results obtained.
5) The time limitations imposed by the client or by the circumstances.
6) The nature and length of the professional relationship with the client.
7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
8) Whether the fee is fixed or contingent.
See Rowe, 472 So.2d at 1150 n. 6. Any one of the factors could have affected the determination of a reasonable fee under the circumstances.
In Centex-Rooney Construction Co. v. Martin County, 725 So.2d 1255 (Fla. 4th DCA 1999), this court stated that the time "reasonably expended" by counsel means the time that ordinarily would be spent by lawyers in the community to resolve this particular type of dispute. It is not necessarily the number of hours actually expended in the case. Accordingly, the trial court was not limited by the amount reflected in the attorney's affidavit. It was allowed to consider other factors in determining a reasonable fee.
Here, the expert witness testified he thought the attorney's hourly rate was low, and estimated that a reasonable fee amount was closer to $25,000. This could have provided the basis for the trial court's decision. However, since there are no findings in the record to support the award, it is not clear if the trial court meant to award a higher amount or if it was simply a mathematical mistake. Without any findings, this court cannot conduct a review. The issue should be addressed by the trial court on remand.

Point C
Levine argues that Keaster should not be entitled to attorneys' fees for the time that his attorney spent "preparing orders." She contends these fees were not reasonably expended.
It is well-settled that the determination of an award of attorneys' fees is within the sound discretion of the trial court and will not be disturbed on appeal, absent a showing of a clear abuse of that discretion. See Centex-Rooney, 725 So.2d at 1258. Further, the trial court may consider the facts and circumstances of the case when determining whether fees were reasonably expended.
Although the fee applicant has the burden of establishing its entitlement to an award of attorneys' fees, the opponent of the fee has the burden of pointing out with specificity which hours should be deducted. See Centex-Rooney, 725 So.2d at 1259. Here, Levine's counsel questioned the expert *883 witness regarding whether he thought it was appropriate that so much time was spent on preparing orders. The expert testified that he thought it was appropriate, and moreover common, for lawyers to spend time drafting orders that explain the trial court's findings of fact, and conclusions of law, and provide supporting case citations. At no point did Levine specifically request the trial court deduct those hours as improper.
This court finds it was within the trial court's discretion to award Keaster what it deemed to be a reasonable fee for the preparation of any orders that his attorney was requested to prepare.

Conclusion
The only orders reviewed in this appeal are the January 7, 2003 and January 27, 2003 orders relating to attorneys' fees. We affirm the trial court in finding entitlement to attorneys' fees, but reverse the fee award for lack of compliance with Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
STONE and POLEN, JJ., concur.
NOTES
[1] Julie Levine, in her Notice of Appeal appealed four orders: 1) January 7, 2003 Order awarding Herbert Keaster attorneys' fees, costs and expert witness fees; 2) January 27, 2003 Order Denying Rehearing; 3) September 9, 2002 Order To Show Cause; and 4) October 29, 2002 Order Holding Levine in Civil Contempt and Imposing Attorneys' Fees, Costs and Sanctions. Keaster thereafter filed a Motion To Dismiss Appeal. This court granted the Motion To Dismiss relating to Levine's appeal of the September 9, 2002, and October 29, 2002 orders, but denied the motion as to the January 7, 2003 and January 27, 2003 orders.
[2] On April 2, 2003, this court issued a per curiam opinion affirming the trial court's order denying without prejudice the Motion to Quash Service of Process and Set Aside Default, and granting appellee attorneys' fees. See Levine v. Keaster, 845 So.2d 208 (Fla. 4th DCA 2003).
[3] The trial court's order finding Levine in civil contempt is not at issue here. The only matter now pending before this court is whether the trial court erred in awarding Keaster attorneys' fees and costs based on a finding of civil contempt.
[4] In addition, the trial court may have erred by not specifying indirect criminal contempt. The general purpose of civil contempt is to coerce action or inaction. Levine, however, was being "punished" for lying in her affidavit to the trial court. The goal of criminal contempt is to vindicate the authority of the court and/or otherwise punish for conduct offensive to the public. See Levey v. D'Angelo, 819 So.2d 864, 868 (Fla. 4th DCA 2002) (discussion of distinction between civil contempt and criminal contempt). In addition, the trial court in the instant case placed sanctions in the amount of $1,000 on Levine for her failure to appear. Flat, unconditional fines are typically considered to be criminal sanctions. Id.
[5] An attorney's fee award does not become final and ripe for review until the amount is set. See Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). Here, the fee award was set. A notice of appeal from the order setting the amount of attorney's fees raises the issue of entitlement pursuant to Florida Rule of Appellate Procedure 9.110(h).