520 So.2d 633 (1988)
EDWARD C. TIETIG, P.A., Appellant/Cross Appellee,
v.
SOUTHEAST REGIONAL CONSTRUCTION CORP., Appellee/Cross Appellant, and
Leadership Housing Systems of Florida, Inc., et al., Appellees.
No. 4-86-0889.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
Rehearing Denied March 24, 1988.
*634 James D. Keegan, Coral Gables, for appellant/cross appellee.
Hugh F. Quinn, Coral Gables, for appellee/cross appellant.

ON MOTION FOR REHEARING
DELL, Judge.
We deny the motion for rehearing, but substitute the following opinion for the opinion issued November 4, 1987.
In Southeast Regional Construction Corp. v. Leadership Housing Systems of Florida, Inc., 454 So.2d 613 (Fla. 4th DCA 1984), this court held:
Upon review of the record we conclude that there is an adequate evidentiary basis to support a finding that the appellee, attorney Edward C. Tietig, was entitled to a lien for his fees to be imposed against the real property which appellant recovered by settlement of litigation prosecuted on its behalf by the attorney... . However, we do not believe the evidence supports the trial court's award of a one-third undivded legal interest in the real property. In our view, the attorney was entitled to a fee based on the value of the property recovered, and he was further entitled to imposition of a lien against the property to secure payment of that fee.
Accordingly, we affirm in part and reverse in part, and remand this cause for further proceedings consistent herewith.
On remand, the trial court stated:
[T]he Court further finds that TIETIG is entitled to a lien in the amount of $56,666.66 against the real property of SOUTHEAST based upon the fee agreement dated September 17, 1976. In this regard, the Court finds that the record of this case is replete with findings by the Honorable Eugene S. Garrett as to the value of the subject property at $170,000.00. These findings are repeatedly set forth in the Final Order entered on April 8, 1983 (docket entry 173); the Order Granting Stay Pending Appeal (docket entry 196); and Order Denying Motion for Clarification (docket entry 209), and these findings with reference to the valuation of the subject property are reaffirmed herein.
Appellant contends that the trial court erred when it determined the value of the property on which the charging lien was imposed at $170,000 and that it erred when it failed to award interest from the date of the settlement between Southeast and Leadership. We have reviewed the record and find that it supports the trial court's finding that the subject real property had a value of $170,000, however, we hold that the trial court erred when it concluded that interest should run on the amount of the fee from the date of its order. We find no merit in the points raised by appellee on cross appeal. See Southeast Regional Construction Corp. v. Leadership Housing Systems of Florida, Inc., supra.
In the prior trial both appellant and appellee presented evidence concerning the value of the subject real property. We also note that the prior order provided for documentary stamps in the amount of $170,000 on the deed conveying an interest in the real property to appellant. In a subsequent order the trial court established the amount of the supersedeas bond based upon the valuation of the property at $170,000. Finally, the trial court in its order denying a motion for clarification stated:
The bond remains set at $65,000.00 which was determined as $57,000.00 *635 (which is one-third of $170,000.00 as computed by the Court) plus $8,000.00 (computed by the Court to be 15% of $57,000.00 required to be added to a supersedeas bond on a money judgment). [Emphasis added.]
The record shows that the parties fully litigated the value of the real property in the prior trial and we find no error in the trial court's finding on remand that it had a value of $170,000.
In Southeast Regional Construction Corp. we affirmed the trial court's determination of appellant's entitlement to a fee based on one-third of the value of the property recovered and further his entitlement to a lien against that property to secure payment of the fee. The settlement between Southeast and Leadership occurred on September 16, 1981. However, Southeast Regional Construction Corp. did not recover any proceeds from the settlement until the trial court granted a motion to enforce the settlement. We find no error in the trial court's failure to award interest from the date of the settlement, however, the trial court should have awarded interest from April 29, 1982, the date the property was conveyed to Southeast. See Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985).
Accordingly, we affirm the trial court's award of attorney's fees to appellant in the amount of $56,666.66. We reverse that part of the order providing for interest to commence as of the date of the order awarding fees and direct the trial court to amend its order to provide that the amount awarded as attorney's fees shall bear interest from April 29, 1982 at the statutory rate.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY and ANSTEAD, JJ., concur.