519 So.2d 1135 (1988)
Brenda L. QUANSTROM, Appellant,
v.
STANDARD GUARANTY INSURANCE COMPANY, Appellee.
No. 87-1340.
District Court of Appeal of Florida, Fifth District.
February 11, 1988.
*1136 Stephan W. Carter of Dalton and Provencher, P.A., Orlando, for appellant.
Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
COWART, Judge.
This case involves the question of whether an attorney's fee agreement between an insured and her attorney is a contingency fee agreement as contemplated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The agreement in this case was to the effect that if the attorney ultimately prevailed on the no-fault question, the attorney would be entitled to a fee which would be the amount the court allowed as an attorney's fee under section 627.428, Florida Statutes, rather than a percentage of the recovery. Although implied, a necessary corollary of this agreement is that if the attorney did not prevail, the attorney would receive nothing. The attorney prevailed against the insurance company, but the trial court did not enhance the stipulated "lodestar" amount by an appropriate contingency fee multiplier as set forth in Rowe because the trial court did not consider the arrangement between the insured and attorney to be a "contingency fee contract." We do not agree.
If the agreement between a client and an attorney is that the attorney gets paid in the event of a result favorable to the client but does not receive a fee in the other event, the arrangement is a contingency fee agreement under Rowe.[1] This is precisely the nature and effect of the agreement between the insured and the attorney in this case.
This case further presents the question of whether the application of a multiplier factor is mandatory on the trial judge when the prevailing party's counsel is employed on a contingency fee basis and a reasonable attorney's fee is being calculated as directed in Rowe. We answer that question in the affirmative. The reason for our holding is that the federal lodestar method of calculating a reasonable attorney's fee, adopted in Rowe for the purpose of bringing standards and uniformity to a common legal problem, is a formularized method which considers and weighs certain criteria deemed relevant to a correct result. In every formularized method of reaching a reasoned result, each step in the calculation integrates into the final result only the weighed effect of some one particular factor. If a particular relevant factor is not considered and is not given its proper weight, the ultimate result does not properly reflect the intended effect of that factor. The supreme court in Rowe, 472 So.2d at 1151, notes that
When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee. [emphasis supplied]
*1137 Under Rowe, the trial court's discretion as to the contingency risk multiplier factor is limited to the range of 1.5 to 3. As to the argument that the contingency risk multiplier may, in the trial court's opinion, result in an unreasonablely large fee in a given case (such as when, as here, it is compared only to the amount in controversy), the answer is that the factors other than the contingency risk factor, such as the hours expended and the routinely charged fee rate, are equally implicated. If any formula considers only relevant factors, and all of them, and correctly weighs those factors, the result necessarily will be correct. If the result is unsatisfactory to those having the responsibility and authority in the matter, then they should change the formula by reassessing the factors to be considered and the weight to be given each. We who are bound to follow the authority of others should not omit factors or juggle the weight given a factor, beyond the perimeters given the exercise of discretion, in order to reach a preferred result.
We note that our holding appears to be in direct conflict with Travelers Indemnity Company v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987).
The order setting appellant's attorney's fee is reversed and the cause remanded for the trial court to determine and apply the appropriate contingency fee multiplier as set forth in Rowe and to enter an appropriate award of attorney's fees in favor of the insured's attorney for services in the trial court as well as on this appeal.
REVERSED and REMANDED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] The controlling substantive character of a contingency fee agreement is the feature that the attorney gets paid in one event and not in another. It is only an incidental aspect of this feature that, in practice, contingency fee agreements are most commonly used by counsel seeking to recover money for plaintiffs and that the fee to be paid is calculated in terms of a percent of any recovery. That the compensation is calculated by reference to a percentage of a recovery is not an essential aspect of a lawyer's contingency fee. A defense counsel could, if he saw fit, handle a matter on the basis that his compensation was contingent upon the result obtained in the cause.