539 So.2d 564 (1989)
John TEMPLE, Appellant,
v.
Marianna TEMPLE, Appellee.
No. 88-0981.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Edna L. Caruso of Edna L. Caruso, P.A., and Lewis Kapner, West Palm Beach, for appellant.
No brief filed for appellee.
PER CURIAM.
In 1986, the trial court, in a divorce proceeding, denied an award of attorney's fees and costs to the wife. On appeal, this court reversed the ruling on attorney's fees. Temple v. Temple, 519 So.2d 1054 (Fla. 4th DCA 1988). After remand, the trial court appropriately awarded fees but also granted interest thereon from the date of the initial judgment which had been later reversed on appeal and which contained no attorney's fee award. We again reverse.
Prejudgment interest cannot be assessed since attorney's fees do not constitute liquidated damages. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Interest is only assessable when a claim is for the plaintiff's out-of-pocket, pecuniary loss and there is a fixed date of that loss. The purpose in awarding such interest is to compensate a party for the deprivation of his property. Attorney's fees are not liquidated damages, they are litigation costs. See NCN Electric, Inc. v. Leto, 498 So.2d 1377 (Fla. 2d DCA 1986); Grasland v. Taylor Woodrow Homes Limited, 460 So.2d 940 (Fla. 2d DCA 1984), rev. denied, 471 So.2d 43 (Fla. 1985); First *565 American Bank & Trust v. Windjammer Time Sharing Resort, Inc., 483 So.2d 732 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla. 1986).
We would stress that this opinion is directed exclusively to the question of prejudgment interest. We see nothing wrong with the accumulation of interest subsequent to a judgment for attorney's fees. In the instant case, interest would accrue prospectively from the date of the modified judgment (now appealed) awarding said fees. Novack v. Novack, 210 So.2d 215 (Fla. 1968).
REVERSED AND REMANDED.
DOWNEY, LETTS and DELL, JJ., concur.