547 So.2d 1258 (1989)
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, INC., Appellant,
v.
Norma H. POOLE, Individually and As Personal Representative of the Estate of Stanley Poole, Appellee.
No. 88-2577.
District Court of Appeal of Florida, First District.
August 16, 1989.
Rehearing Denied September 18, 1989.
*1259 Edwin R. Hudson and John D. Buchanan, Jr., of Henry, Buchanan, Mick & English, P.A., Tallahassee, for appellant.
W. Bradley Munroe of Welch & Munroe, Tallahassee, for appellee.
ZEHMER, Judge.
Tallahassee Memorial Regional Medical Center, Inc. (TMRMC) appeals from a June 20, 1988, final judgment awarding Norma H. Poole attorney's fees in the amount of $127,250.00, taxable costs in the amount of $257.00, and interest on the sum of these two figures from June 26, 1986, the date of the verdict in Mrs. Poole's favor. Mrs. Poole cross-appeals from the same final judgment. We affirm the amount of attorney's fees awarded, but reverse the ruling that interest on the total attorney's fee award began accruing from June 26, 1986.
The issue of attorney's fees in this case has already been the subject of one appeal. See Poole v. Tallahassee Memorial Hospital, 520 So.2d 627 (Fla. 1st DCA 1988). As explained in our previous decision, Mrs. Poole brought a survival action and a wrongful death action against TMRMC for the injuries and death of her husband. We held in that decision that the repeal of section 768.56, Florida Statutes (1983), which provided for an award of attorney fees to the prevailing party in a medical malpractice action, applied prospectively, and because Mrs. Poole filed the underlying malpractice action before the effective date in the repealer clause, she was entitled to attorney's fees and costs pursuant to that statute for the count of her complaint on which she prevailed.[1]
On remand, the trial court conducted a hearing during which attorneys John Cooper and Sidney Matthew testified to their opinions of a reasonable attorney's fee to be awarded to Poole for her counsel's handling of the case. Mr. Cooper testified that 662.19 was the reasonable number of hours Poole's counsel had expended on the case, that a reasonable hourly rate for Poole's counsel was $125.00, and that an appropriate contingency multiplier figure, based on the guidelines set out in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), would be between 2.5 and 3. (R. 532, 539). Mr. Matthew testified that 695 was the reasonable number of hours expended on the case, that $125.00 was a reasonable hourly rate for Poole's counsel, and that an appropriate contingency multiplier based on the Rowe guidelines would be 2.5. (R. 571, 574). Both of these witnesses declined to separate the number of hours reasonably attributable to the wrongful death and survival claims, stating that the majority of Poole's counsel's preparation was related to both claims. (R. 552-553, 574, 576-577).
In the final judgment awarding attorney's fees, the trial court found that Poole's counsel reasonably expended 678.5 hours on both claims, 25% of which were allocable to the wrongful death claim and 75% (508.88 hours) of which were allocable to the survival claim. (R. 628). The trial court found that $125.00 was a reasonable hourly rate for Poole's counsel's services, and that, based on the degree of difficulty of the survival action, a contingency risk multiplier of 2 was appropriate. (R. 628). The court computed these factors and determined $127,250.00 to be a reasonable attorney's fee award. (R. 629). The court taxed costs at $257.00, and found that pursuant to Rule 9.340(c), Florida Rules of Appellate Procedure, Poole was entitled to *1260 interest on the total award of fees and costs from June 26, 1986, the date of the verdict. (R. 629).
TMRMC raises several issues on appeal. First, TMRMC contends that the amount of the award was improper under Rowe because it exceeds the amount for which Mrs. Poole would have been liable under the terms of the fee agreement. Rowe states that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." Florida Patient's Compensation Fund v. Rowe, 472 So.2d at 1151. The fee agreement between Poole and her attorney states,
If recovery is made, by settlement or court award, Client shall pay to Attorneys as an attorneys' fee the greater of the following:
(a) The amount of attorneys' fees awarded by the court as part of the judgment entered against Defendants in any suit initiated on behalf of Client by Attorneys;
* * * * * *
(c) If appealed from a lower court by any party ... fifty percent (50%) of the total recovery.
Because Mrs. Poole and her attorney agreed that her attorney would be paid a reasonable fee to be set by the court if that amount were greater than 50% of the total recovery, the trial court did not violate the supreme court's proscription in Rowe against awarding a fee that exceeds the fee agreement reached by the client and her counsel, and this issue is affirmed. See Florida Patient's Compensation Fund v. Moxley, 545 So.2d 922 (Fla. 4th DCA 1989), reh'g, (July 7, 1989).
TMRMC next contends that the trial court improperly applied the contingency risk multiplier to the post-judgment time Poole's counsel expended solely in efforts to perfect the attorney fee claim because the contingency "risk" was eliminated upon judgment in Mrs. Poole's favor. TMRMC also challenges the propriety of applying the multiplier to time that Poole's previous counsel[2] expended on the case because that counsel was compensated for his time with a flat fee. We find no error in the trial court's application of the multiplier to either of these portions of time. The contingent nature of this case was set at the time Mrs. Poole and her present counsel entered into their initial fee agreement, and the judgment in Mrs. Poole's favor did not eliminate this contingent nature. Additionally, the trial court reduced the number of total hours below that submitted by plaintiff's counsel, so we cannot say the trial court allowed a contingent fee on the full amount of the hours attributable to prior counsel.
The final issue TMRMC raises is whether the trial court properly determined that interest on the total attorney's fee award would accrue starting June 26, 1986, the date of the verdict. TMRMC argues that the trial court erred in awarding interest from that date for two reasons: (1) until the trial court fixed the amount of attorney's fees, the claim for attorney's fees was not liquidated and susceptible of accruing interest; and (2) the award included interest on hours expended subsequent to June 26, 1986, and thus interest was awarded on fees not yet earned.
TMRMC's first contention regarding this issue is not supported by current law. Poole became legally entitled to attorney's fees from TMRMC on June 26, 1986, the date she became the "prevailing party," in accordance with section 768.56, Florida Statutes (1983). The fact that subsequent to the date of the verdict the parties continued to dispute Poole's entitlement to and the amount of attorney's fees from TMRMC is irrelevant.
If it is finally determined that [a] debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but also to the interest at the lawful rate from the due date thereof.
*1261 English and American Insurance Company v. Swain Groves, Inc., 218 So.2d 453, 457 (Fla. 4th DCA 1969). The court ultimately determined that Poole was entitled to attorney's fees pursuant to section 768.56, Florida Statutes (1983), and Poole was entitled to interest on such fees from the date the fees were due, June 26, 1986. See Bergen Brunswig Corporation v. State of Florida, Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982); Warren v. Old Dominion Insurance Company, 465 So.2d 1376 (Fla. 5th DCA 1985); Tech Corp. v. Permutit Co. 321 So.2d 562 (Fla. 4th DCA 1975).
The court did err, however, in awarding interest on the portion of the fee awarded for time expended subsequent to June 26, 1986. Interest cannot be awarded on fees from a date prior to the time they were due and payable. While Poole is entitled to attorney's fees for the time her counsel expended perfecting the attorney fee claim subsequent to the date of the verdict, Tiedeman v. City of Miami, 529 So.2d 1266 (Fla. 3d DCA 1988); cf. Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282, 285 (Fla. 1st DCA 1982),[3] interest on those fees did not begin accruing until the date of the final judgment awarding attorney's fees, because the time and effort Poole's counsel expended on such perfection was not completed until that date. Likewise, the time and effort Poole's counsel expended defending TMRMC's appeal of the amount of the attorney's fee will not be complete until entry of the order awarding appellate attorney fees, and interest will not begin accruing on that amount until such date. The award of interest is reversed in part, and on remand, the court will apportion the hours expended during these three periods and award interest from the date each portion of fees became due.
On cross-appeal, Poole contends that the trial court erred in attempting to allocate the total time her counsel expended between the survival and wrongful death actions. She argues that both of these claims sounded in negligence, both required identical evidence, and the claims were mutually exclusive. The only evidence adduced during the attorney's fee hearing with regard to the time expended on each claim was Poole's expert witnesses' testimony that the total time could not be apportioned because, in their opinions, the majority of time expended was related to both claims. We find no abuse of discretion; however, a significant issue in the wrongful death claim was the causal relationship between the injury Mrs. Poole's husband suffered while hospitalized and his death, and considerable labors that were not necessary to prove the survival claim were necessary to prove the wrongful death claim. The trial court was entitled to take this into consideration in determining the hours attributable to each claim. The court was also entitled to consider its own observations of the court proceedings and pleadings and documents filed with the court in determining the proper allocation of hours. Accordingly, we find no abuse of discretion in allocating 75% of the total expended time to the survival claim and 25% of the total expended time to the wrongful death claim. Nor do we find any abuse of discretion in using a multiplier of 2, rather than 2.5 or 3 as suggested by the expert witnesses.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent herewith.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] Mrs. Poole prevailed in the lower court on her survival claim, but did not prevail on her wrongful death claim.
[2] Mrs. Poole's previous counsel transferred her case to present counsel upon his appointment to the bench.
[3] She is also entitled to expert witness fees for proving the amount of fees. Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985).