550 So.2d 92 (1989)
Paul S. INACIO, Appellant,
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
No. 88-126.
District Court of Appeal of Florida, First District.
September 26, 1989.
Thomas R. Jenkins of Beggs & Lane, Pensacola, for appellant.
C. Miner Harrell and Robert C. Palmer, III, of Harrell, Wiltshire, Swearingen, Wilson & Harrell, Pensacola, for appellee.
ZEHMER, Judge.
Paul Inacio, an insured under an automobile insurance policy issued by State Farm Fire & Casualty Company, sued State Farm on a claim under the uninsured motorist provision. The matter was eventually settled without trial, leaving for decision by the court only the amount of attorney's fees due Inacio under sections 624.155(3)[1] *93 and 627.428,[2] Florida Statutes (1987). Inacio appeals the order awarding attorneys fees, arguing three points for reversal:
1. The trial court erred by failing to award fees for hours spent by appellant's counsel in pursuit of the claim for attorney's fees after settlement with appellee.
2. The trial court erred by failing to apply a contingency risk factor when calculating appellant's entitlement to an award of attorney's fees.
3. The trial court erred by failing to award prejudgment interest on its award of fees for time spent through the date of settlement between the parties.
We find error in respect to each point and reverse.
This proceeding began by Inacio's filing a personal injury action against John Whalen and Metropolitan Toyota to recover for injuries he sustained when struck by an automobile driven by Whalen and owned by Metropolitan Toyota. Inacio was granted summary judgment against Whalen on the issue of liability. He then made a claim under the uninsured motorist coverage in his policy with State Farm. State Farm denied coverage, so Inacio joined State Farm as a defendant and alleged causes of action to recover personal injury protection benefits, medical payments benefits, and uninsured motorist benefits under the policy. Subsequently, Inacio amended his complaint to add a claim for damages for State Farm's unfair trade practices in violation of section 626.9541, Florida Statutes (1987).
The claims against State Farm were eventually settled for $50,000 on November 20, 1986, and apparently the settlement was paid at that time. However, a stipulation filed with the trial court at the time of settlement provided in part that "the court shall retain jurisdiction for the purpose of awarding attorneys' fees to the Plaintiff ... pursuant to provisions of Sections 624.155 and 627.428, Florida Statutes" (R. 330). After the trial court entered an order declaring that defendant John Whalen was an uninsured motorist and granting summary judgment against State Farm on this issue, the court considered Inacio's motions for attorney's fees and prejudgment interest and rendered a memorandum order setting forth explicit findings of fact and conclusions of law pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The court found that plaintiff's attorney had devoted a total of 262 hours to the case from the inception of the action until the hearing set for consideration of the attorney's fees award; that 231 of these hours were expended from inception of the action until the settlement was concluded in November 1986; and that of these 231 hours, 32 hours were expended in pursuit of the tort claim against the original defendants and before serious consideration was given to pursuit of relief under the provisions of the plaintiff's automobile insurance policy. The court concluded that 199 hours were reasonably expended in the representation of plaintiff in the action against State Farm. After reviewing the written fee contract as amended, the court concluded that the 32 hours expended subsequent to the date of settlement in preparation for and litigation of the award of attorney's fees should be disallowed on the authority of B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla.2d DCA 1983). Finding that an hourly rate of $90 would be reasonable and multiplying the 199 hours by that rate, the court arrived at a lodestar figure of $17,910. The court concluded that assignment of a contingency risk factor to enhance the lodestar fee was inappropriate under the facts of this case because the fee contract was no longer contingent. Alternatively, the court concluded that if upon further review it should be ruled that a contingency risk *94 factor is appropriate, the court would assess a factor of 1.5 because success was more likely than not at the outset. The court also ruled that plaintiff was not entitled to any prejudgment interest on the attorney's fee award under Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla. 1985), for the reason that even though entitlement to attorney's fees was undisputed, the amount of the award was unsettled or unliquidated and had to await determination by the court.
Prior to filing suit, Inacio and his attorneys entered into a standard contingent fee contract set forth in a written agreement entitled "Authority to Represent" and dated March 2, 1984. This agreement initially covered the claims to be asserted against Whalen and Metropolitan Toyota, and provided for payment of a sliding scale of percentage, depending on the state of the proceeding at which recovery should be effected, including a provision for one third of any recovery made after suit had been filed and before trial. Of course, no statutory provisions authorized recovery of attorney's fees in the actions against these original tortfeasors.
After State Farm was made a defendant on the several claims under the policy provisions and the unfair trade practices act, Inacio and his attorney executed a written addendum to the original attorney fee agreement, which recited that:
I, PAUL SERGIO INACIO, do hereby certify that this is an Addendum to the Authority to Represent which was executed by me on March 2, 1984. The purpose of this Addendum is to reduce to writing certain modifications of the above-mentioned [attorneys' fee agreement] which were made as a result of claims against State Farm Fire & Casualty Company after the original Authority to Represent was executed, specifically, I am referring to claims for denial of payment under personal injury protection and uninsured motorist coverages and violations of the Unfair Insurance Trade Practices Act, all of which provide for statutory awards of attorneys' fees which were not contemplated nor addressed in the original Authority to Represent. In light of such additional claims, and in light of the settlement of the original claims without the necessity of trial, the original Authority to Represent has been modified to the extent that the law firm of Beggs & Lane shall be paid Thirty-Three and One-Third (33 1/3%) Percent of the gross amount (less costs) collected or the amount of any fees awarded by the Court, whichever amount is greater. In the event that the Court awarded fee is greater than the contingency fee of Thirty-Three and One-Third (33 1/3%) Percent of the gross amount collected (less costs), then out of any such Court awarded fee I shall be reimbursed by Beggs & Lane from any attorneys' fees which I have already paid to Beggs & Lane.
(R. 342.) This written addendum was dated in February 1987, about three months after settlement with State Farm was made on November 20, 1986, and nearly ten months before the trial court ruled on the attorney fee issue. It purports to recite the agreement between the plaintiff and his counsel pursuant to which the attorneys undertook the handling of Inacio's claims against State Farm and the award of any statutory fee, and neither the trial court nor we have found any reason to conclude otherwise.[3]
Initially, we must address whether, under this fee agreement, the allowable fee is limited to one third of the amount of the recovery or whether the amount of a reasonable fee may exceed this percentage should the court find that the amount of a reasonable fee for the services of plaintiff's attorney in the action against State Farm is greater than the contingency amount. This question is prompted by the supreme court's statements in Rowe that "because the party paying the fee has not participated *95 in the fee arrangement between the prevailing party and that party's attorney, the arrangement must not control the fee award" but, nevertheless, "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." 472 So.2d at 1151. This statement in Rowe was apparently made in contemplation of an agreement providing only a fee based on a fixed percentage of the recovery.[4] It has been construed by this *96 court as mandating that the total fee cannot exceed the agreed percentage of the amount of the recovery, even though the court should determine that a reasonable fee would be significantly greater. State Farm Fire & Casualty Company v. Johnson, 547 So.2d 940 (1988), reh'g denied, 14 F.L.W. 1998 (Fla. 1st DCA Sept. 1, 1989). But the court in Johnson found no evidence in the record that the parties' agreement contemplated the contingency amount or a reasonable amount, whichever may be greater; therefore, that case is patently distinguishable from the agreement and resulting issue involved in the case now before us. Certainly, the client and the attorney may agree that the client's obligation to pay a fee will be entirely contingent on prevailing in the suit and effecting a recovery, and the law recognizes that they may agree that the amount of the contingent fee ultimately due to the attorney will be a reasonable amount to be set by the court. State Farm Fire & Casualty Co. v. Palma, 524 So.2d 1035 (Fla. 4th DCA 1988); Quanstrom v. Standard Guaranty Insurance Company, 519 So.2d 1135 (Fla. 5th DCA 1988). Counsel for both parties agreed at oral argument that prior to the supreme court decision in Rowe it had been customary practice in contingency fee cases where the right to a statutory fee award existed that the fee ultimately payable would be either the contingency percentage or the reasonable fee set by the court, whichever may be greater. There is no reason to conclude that Rowe has now precluded the courts of this state from giving effect to such agreements. On the contrary, recent court decisions have approved such arrangements and directed that the trial court award a reasonable fee measured by the lodestar amount enhanced by a contingency factor as required by Rowe, even though it may exceed the agreed percentage of the recovery. Tallahasee Memorial Regional Medical Center, Inc. v. Poole, 547 So.2d 1258 (Fla. 1st DCA, 1989); Florida Patient's Compensation Fund v. Moxley, 545 So.2d 922 (Fla. 4th DCA), on reh'g, 545 So.2d 924 (1989); Quanstrom v. Standard Guaranty Insurance Co., 519 So.2d 1135 (Fla. 5th DCA 1988). For the cogent reasons expressed by the United States Supreme Court in Blanchard v. Bergeron, 489 U.S. ___, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), and in the cases cited above, we hold that the amount of a reasonable fee determined in accordance with the factors set forth in Rowe cannot be limited to the percentage amount in the case before us because of the parties' agreement to the contrary.
We agree with Inacio that the trial court erred in failing to award fees for the hours expended by his counsel in pursuit of the claim for attorney's fees after the settlement with State Farm. It is beyond dispute that Inacio retained an interest in the fee award because the contingency percentage was due and payable to the attorneys immediately upon receipt of the recovery pursuant to the settlement, regardless of the outcome of Inacio's claim for statutory attorney's fees against State Farm. Under the fee agreement any statutory fee later recovered would be paid to Inacio in application against any amount previously paid. The trial court, therefore, misapplied B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla.2d DCA 1983), because in that case the court recognized the right to include hours expended in recovering statutory attorney's fees where the client retains an "interest in the fee award in that the award would serve to relieve appellee of appellee's fee obligation to the attorneys to the extent of the amount of the award." Id. at 1074. Of course, that is exactly the intent recited in the fee agreement in this case. We hold, therefore, that the 32 hours expended subsequent to the settlement in preparation for and litigation of the attorney's fee claim should have been allowed, as this result is "consistent with the legislative intent that the prevailing party not bear the expense of the statutory action." Ibid. Accord, Bill Rivers Trailers, *97 Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986).
We likewise agree with Inacio that the trial court should have applied a contingency risk factor when calculating the amount of a reasonable fee award against State Farm. There is no question that the fee due in this case for services in the claims against State Farm was contingent upon a successful recovery from State Farm. State Farm asserted defenses to the claims under the policy provisions as well as for the statutory fee award, and thus the attorney's right to a fee remained entirely contingent until a recovery was effected. The fact that the claim against State Farm was settled before trial did not change the contingent nature of the contract. See Tallahassee Memorial Regional Medical Center, Inc. v. Poole, supra. When the fee due an attorney is contingent upon effecting a recovery, application of the contingency risk factor pursuant to Rowe is mandatory if there is any question that a recovery may be effected. Quanstrom v. Standard Guaranty Insurance Company, 519 So.2d 1135. Cf., Travelers Indemnity Company v. Sotolongo, 513 So.2d 1384 (Fla.3d DCA 1987); Reliance Insurance Co. v. Harris, 503 So.2d 1321 (Fla. 1st DCA 1987). The language of the Rowe opinion leaves no discretion to disregard application of the contingency risk factor in such circumstances: "When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee." 472 So.2d at 1151 [emphasis added]. The mandatory nature of this directive is compelled by the supreme court's emphasis that the initial lodestar figure, to which the contingency risk factor is to be applied, must be determined by applying an hourly rate based on the assumption that "the fee will be paid irrespective of the result" and taking "into account all of the Disciplinary Rule 2-106 factors except the `time and labor required,' the `novelty and difficulty of the question involved,' the `results obtained,' and `[w]hether the fee is fixed or contingent.'" Id. at 1150-51. Thus, only by applying the contingency risk factor to the lodestar figure can the trial court give any effect to the contingent nature of the fee contract, assuming the Rowe directives are followed.
Finally, we agree with Inacio that the trial court should have awarded prejudgment interest on the amount of the fee covering the time expended through the date of the settlement with State Farm. Under the terms of the fee agreement, Inacio became obligated to pay his attorneys a fee immediately upon recovery from State Farm when the claim was settled. The attorneys were entitled to withhold up to one third of that amount as part of their fee. The attorneys' right to receive the fee was fixed at that time, although the ultimate amount of the fee due them remained for later determination by the court. Since this event fixed the date of "the loss" for purposes of assessing prejudgment interest even though the ultimate amount remained for determination, Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), interest on the amount of the fees ultimately found to be reasonable and due should properly accrue from that date. Tallahassee Memorial Regional Medical Center, Inc. v. Poole, supra; Edward C. Tietig, P.A. v. Southeast Regional Construction Corp., 520 So.2d 633 (Fla. 4th DCA), rev. denied, 534 So.2d 401 (1988). For purposes of assessing prejudgment interest, a claim becomes liquidated and subject to interest when a verdict or court decision has the effect of fixing the amount of damages as of a prior date. Bergen Brunswig Corp. v. Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982), rev. denied, 426 So.2d 25 (1983). For us to rule to the contrary would be to penalize the prevailing party, Inacio, for State Farm's delay in paying the attorney's fees found due after their concession of liability upon settlement of the underlying claims; it would reward State Farm for continuing to contest Inacio's reimbursement of attorney's fees by allowing State Farm interest-free use of the money for more than a year. Such a result would be inconsistent with the intent and purpose *98 of statutory provisions allowing attorney's fees to the prevailing party.
REVERSED AND REMANDED.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] Section 624.155 provides a civil remedy for an insurer's violation of certain provisions of the Florida Insurance Code and states in subparagraph (3) that "Upon adverse adjudication at trial or upon appeal, the insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff."
[2] Section 627.428(1) provides in pertinent part:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[3] The trial court expressly found that "The original contingent fee contract between plaintiff and his attorney was modified in recognition of the addition of counts for damages and other relief against defendant State Farm which provided a statutory basis for award of attorney's fees." (R. 395)
[4] The incongruity of this statement, patterned after a similar statement in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir.1974), is obvious. On the one hand the fee agreement can never control, yet in all events the agreement will control the maximum amount. This incongruity was recently recognized by the United States Supreme Court in Blanchard v. Bergeron, 489 U.S. ___, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), in holding that a reasonable fee awarded pursuant to statute is not limited by the percentage of recovery provided in a contingent fee arrangement between the plaintiff and counsel. Noting that "the fee arrangement is but a single factor and not determinative," the court stated:

The Johnson contingency fee factor is simply that, a factor. The presence of a pre-existing fee agreement may aid in determining reasonableness. "`The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating that attorney's fee expectations when he accepted the case.'" Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 723, 107 S.Ct. 3078, 3085, 97 L.Ed.2d 585 (1987) quoting Johnson, 488 F.2d at 718. But as we see it, a contingent fee contract does not impose an automatic ceiling on an award of attorney's fees and to hold otherwise would be inconsistent with the statute and its policy and purpose.
As we understand s. 1988's provision for allowing a "reasonable attorney's fee," it contemplates reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount. The defendant is not, however, required to pay the amount called for in a contingent fee contract if it is more than a reasonable fee calculated in the usual way. It is true that the purpose of s. 1988 was to make sure that competent counsel was available to civil rights plaintiffs, and it is of course arguable that if a plaintiff is able to secure an attorney on the basis of a contingent or other fee agreement, the purpose of the statute is served if the plaintiff is bound by his contract. On that basis, however, the plaintiff should recover nothing from the defendant, which would be plainly contrary to the statute. And Congress implemented its purpose by broadly requiring all defendants to pay a reasonable fee to all prevailing plaintiffs, if ordered to do so by the court. Thus it is that a plaintiff's recovery will not be reduced by what he must pay his counsel. Plaintiffs who can afford to hire their own lawyers, as well as impecunious litigants, may take advantage of this provision. And where there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee. All of this is consistent with and reflects our decisions in cases involving court-awarded attorney's fees.
.....
Respondent cautions us that refusing to limit recovery to the amount of the contingent agreement will result in a "windfall" to attorneys who accept s. 1988 actions. Yet the very nature of recovery under s. 1988 is designed to prevent any such "windfall." Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims. Accordingly, fee awards, properly calculated, by definition will represent the reasonable worth of the services rendered in vindication of a plaintiff's civil rights claim. It is central to the awarding of attorney's fees under s. 1988 that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case. The trial judge should not be limited by the contractual fee agreement between plaintiff and counsel.
489 U.S. at ___, 109 S.Ct. at 944-46, 103 L.Ed.2d at 75-77.
We see no significant difference between the intent and purpose of sections 624.155(3) and 627.428, Florida Statutes (1987) in providing for the award of attorney's fees to the prevailing plaintiff, and the intent and purpose of section 1988 being discussed by the Supreme Court. Both statutes are designed to enable aggrieved persons to obtain counsel to represent them in enforcing certain legal rights in court by assuring reasonable compensation to the attorney should the plaintiff prevail, without total reliance of the amount of damages that may be involved. Indeed, it is not uncommon that the amount of the claim being asserted against an insurance company will not be as great as the cost of the legal services required to enforce it. See, e.g., State Farm Fire & Casualty Co. v. Palma, 524 So.2d 1035 (Fla. 4th DCA 1988). To limit the fee recoverable by the plaintiff to a percentage of the amount in dispute will, in many cases, preclude the insured from obtaining legal representation to enforce his rights against the insurer, contrary to the intent and purpose of sections 624.155(3) and 627.428.
Of course, we are not in position to change the supreme court's decision in Rowe, and recognize we are bound to follow it until the supreme court does so. However, this issue is one of considerable importance, and we are confident that the supreme court will review this decision if it is in conflict with Rowe.