OVERTON, Justice.
We have for review Bankers Life Insurance Co. v. Owens, 532 So.2d 1115 (Fla. 5th DCA 1988), in which the district court relied on Quanstrom v. Standard Guaranty Insurance Co., 519 So.2d 1135 (Fla. 5th DCA 1988), and affirmed the trial court. We accepted jurisdiction in Quanstrom and disapproved the district court’s decision but approved the result. Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d. 828 (Fla.1990). We have jurisdiction in this cause. Art. V, § 3(b)(3), Fla. Const.
The trial judge applied a 1.5 contingency fee multiplier in determining Owens’ attorney’s fee. We are unable to determine whether the trial judge believed that he was required to use a multiplier. Accordingly, we quash the district court’s decision with directions that this cause be remanded *1166 to the trial court for reconsideration in light of the principles set forth in Quan-strom, No. 72,100 (Fla. Jan. 11, 1990), and State Farm Fire & Casualty Co. v. Palma, No. 72,730 (Fla. Jan. 11, 1990). In doing so, we find that the trial court may exercise its discretion in determining the appropriateness of a multiplier in this cause.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.