555 So.2d 1256 (1989)
D & A EXCAVATING SERVICE, INC., Appellant/Cross-Appellee,
v.
J.I. CASE COMPANY, d/b/a Case Power & Equipment, Appellee/Cross-Appellant.
No. 88-3025.
District Court of Appeal of Florida, Fourth District.
December 6, 1989.
On Rehearing February 7, 1990.
*1257 J. Terence McManus of McManus, Wiitala & Contole, P.A., North Palm Beach, for appellant/cross-appellee.
I. Jeffrey Pheterson of Schmidt & Pheterson, Boca Raton, for appellee/cross-appellant.
GARRETT, Judge.
Appellant seeks review of the trial court's award of attorney's fees. Appellee cross appeals the same award.
*1258 The issue we address is whether Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), prohibits an award of attorney's fees in excess of the contingent fee agreement between the attorney and his client when "reasonable attorney's fees" are statutorily authorized.
Appellant prevailed at trial pursuant to an action brought under the misleading advertising statutes, sections 817.40 and 817.41, Florida Statutes (1987). The amount of the judgment was $6,750. The contingent fee agreement called for an award of forty percent of any recovery. Appellant asked for fees of $32,910 based on an uncontested 109.7 hours spent on the case at the reasonable hourly rate of $150 and a contingent risk factor multiplier of two applied to the $16,455 lodestar figure. The trial judge awarded fees of $3,700 ($1,000 based on a separate hourly rate agreement) and remarked that "court awarded fees cannot exceed the fee agreement entered into by counsel and his client."
We reverse. When counsel represents a client who seeks vindication for a private as well as a public wrong attorney's fees are not limited by the terms of the contingent fee agreement. See Blanchard v. Bergeron, 489 U.S. ___, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989). The misleading advertising statute contemplates both private and public vindication. It enables an aggrieved person to obtain counsel to rectify a wrong by assuring reasonable compensation to the attorney without regard to the amount in controversy. The general public, as well as the individual bringing the action, benefits when a private citizen successfully prosecutes a fraudulent advertiser.
Accordingly, we reverse and remand with directions to determine and award a reasonable sum to appellant for attorney's fees without any contingent fee agreement limitation. Further, we reverse the $1,000 attorney's fees award based on the hourly rate agreement as the ultimate award should be one figure reflecting a reasonable fee for the successful prosecution of the case.
ANSTEAD and POLEN, JJ., concur.

ON REHEARING
GARRETT, Judge.
We sua sponte grant rehearing to add Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), to our previously issued opinion:
Appellant seeks review of the trial court's award of attorney's fees. Appellee cross appeals the same award.
The issue we address is whether Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), prohibits an award of attorney's fees in excess of the contingent fee agreement between the attorney and his client when "reasonable attorney's fees" are statutorily authorized.
Appellant prevailed at trial pursuant to an action brought under the misleading advertising statutes, sections 817.40 and 817.41, Florida Statutes (1987). The amount of the judgment was $6,750. The contingent fee agreement called for an award of forty percent of any recovery. Appellant asked for fees of $32,910 based on an uncontested 109.7 hours spent on the case at the reasonable hourly rate of $150 and a contingent risk factor multiplier of two applied to the $16,455 lodestar figure. The trial judge awarded fees of $3,700 ($1,000 based on a separate hourly rate agreement) and remarked that "court awarded fees cannot exceed the fee agreement entered into by counsel and his client."
We reverse. The Florida Supreme recently recognized that "[d]ifferent types of cases require different criteria to achieve the legislative or court objective in authorizing the setting of a reasonable attorney's fee". Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 833 (Fla. 1990). When counsel represents a client who seeks vindication for a private as well as a public wrong attorney's fees are not limited by the terms of the contingent fee agreement. See Blanchard v. Bergeron, 489 U.S. ___, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989). The misleading advertising statute contemplates both private and public vindication. It enables an aggrieved person to obtain counsel to rectify a wrong by assuring reasonable compensation to the attorney without regard to the amount in controversy. The general public, as well as the individual bringing the action, benefits when a private citizen successfully prosecutes a fraudulent advertiser. "It is important to note that the existence of a contingency fee arrangement is but one of the factors to be considered" in determining a reasonable fee in a "public policy enforcement case". Quanstrom, 555 So.2d at 833.
Accordingly, we reverse and remand with directions to determine and award a reasonable sum to appellant for attorney's fees consistent with this opinion. Further, we reverse the $1,000 attorney's fees award based on the hourly rate agreement as the ultimate award should be one figure reflecting a reasonable fee for the successful prosecution of the case.
ANSTEAD and POLEN, JJ., concur.