619 So.2d 324 (1993)
FISCHBACH & MOORE, INC., Appellant,
v.
McBRO, a DIVISION OF McCARTHY BROTHERS COMPANY, Appellee.
No. 92-1848.
District Court of Appeal of Florida, Third District.
May 4, 1993.
Rehearing Denied June 22, 1993.
Pershes & Schwartz, Coral Springs, for appellant.
Foley & Lardner and Robert Rivas and Thomas F. Munro, II, West Palm Beach, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.
Appellant/cross-appellee, Fischbach & Moore (F & M), appeals the trial court's amended final judgment denying post-judgment interest. Appellee/cross-appellant, McBro, requests this court to revisit its decision in McBRO v. Fischbach & Moore, 576 So.2d 1360 (Fla. 3d DCA 1991) (McBRO I), which affirmed the trial court's partial summary judgment in favor of F & M for attorneys fees it incurred in an arbitration proceeding.
An appellate court has the power to reconsider and reverse a previous ruling that has become the "law of the case" when convinced, on a subsequent appeal of the same case, that its original pronouncement of the law was erroneous. Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986). However, reconsideration of a case should never be allowed when it would amount to nothing more than a second appeal on a question determined in the first appeal. Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla. 1965). Here, McBro is seeking a second appeal of a question already determined by this court in McBRO I. As we are unconvinced that our decision in McBRO I was erroneous, it remains the "law of the case," and we, therefore, affirm.
F & M contends that the trial court erred in denying post-judgment interest *325 from June 12, 1990, the date the court awarded it attorney's fees. We agree. The court based its amended final judgment on Department of Transportation v. Brouwer's Flowers, Inc., 600 So.2d 1260 (Fla. 2d DCA 1992). In that case, the second district found "no statutory authority for entitlement to interest on attorney's fees in eminent domain cases before the trial court's determination of the amount of attorney's fees." Id. at 1261. We find that the Brouwer's Flowers decision is limited to eminent domain cases, especially in light of cases such as Tallahassee Memorial Regional Medical Center v. Poole, 547 So.2d 1258 (Fla. 1st DCA 1989), review denied, 558 So.2d 19 (Fla. 1990) and Inacio v. State Farm Fire & Cas. Co., 550 So.2d 92 (Fla. 1st DCA 1989), rejected on other grounds, Sonara v. Star Casualty Ins. Co., 603 So.2d 661 (Fla. 3d DCA 1992), which hold that for purposes of assessing post-judgment interest, a claim becomes liquidated and subject to interest when a verdict or court decision has the effect of fixing entitlement to the fee as of a prior date.
In the present case, the trial court, on June 12, 1990, granted F & M's partial summary judgment against McBro which determined that F & M, as the prevailing party in the arbitration proceeding, was entitled to attorney's fees and costs, the amount of which was to be determined at a later date. Thus, F & M's entitlement to attorneys fees was fixed as of June 12, 1990. Although the amount was not determined until June 26, 1992, the interest started accruing from the date the attorney's right to receive the fee was fixed. Since a prevailing party should not be penalized when a non-prevailing party decides to contest entitlement to attorneys fees, Inacio, 550 So.2d at 97, interest should have been assessed from June 12, 1990.
Accordingly, we affirm as to the cross-appeal and reverse as to the appeal.