PARIENTE, Judge,
concurring.
I concur with the majority’s opinion upholding the amount of attorney’s fees award and I concur in the decision not to award appellant, A. Matthew Miller, interest on attorney’s fees for the reason that he did not incur, pay or become obligated to pay attorney’s fees to himself. I do not agree with the broad statement in Temple v. Temple, 539 So.2d 564 (Fla. 4th DCA 1989), embraced by the majority, that interest on attorney’s fees can never be awarded under Argonaut Insurance Co. v. May, 474 So.2d 212 (Fla. 1985), because they are litigation costs and not liquidated damages. I also do not agree that Novack v. Novack, 210 So.2d 215 (Fla. 1968), and Gilmore v. Morrison, 341 So.2d 779 (Fla. 4th DCA 1976), preclude prejudgment interest on attorney’s fees where a party is otherwise entitled to recover prejudgment interest from the date of the loss or the date entitlement is determined even though the award of fees has been reversed due to miscalculation of the amount to which the party is entitled. See Clay v. Prudential Ins. Co., 617 So.2d 433 (Fla. 4th DCA 1993).
In the case before us, appellant was both client and attorney and received attorney’s fees under section 57.105, Florida Statutes (1988), for the time he acted as co-counsel for himself. Perhaps his dual role may explain why the trial court awarded his co-counsel interest from the date entitlement to attorney’s fees pursuant to section 57.105 was determined, but denied a similar award of interest to appellant.
I also write to emphasize the confusion among the districts on the subject of interest on attorney’s fees and the necessity for further guidance in this area. "When Justice Ehrlich wrote Argonaut, he observed that prejudgment interest was a subject of conflict and confusion among the district courts of appeal, with the fourth district citing the first district for one conclusion and the first district relying on the fourth district for the opposite conclusion. 474 So.2d at 213-14. In Argonaut, the supreme court authorized prejudgment interest as an element of damages to be fixed from the date of the loss when a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses. Thus, interest on liquidated damages resulting from out-of-pocket, pecuniary expenses would run from the date of the loss, although the amount of damages was not fixed until the date of the verdict.
While Argonaut may have resolved one conflict between the districts, since that holding, the issue of whether interest on attorney’s fees should be assessed from the date the trial court assesses liability for attorney’s fees or from the date on which the amount is finally determined and thus liquidated, has likewise become the source of conflict and confusion among the district courts of appeal. Courts have used Argonaut as authority for and against awarding interest in various factual circumstances.
The third district, in Visoly v. Security Pacific Credit Corp., 625 So.2d 1276 (Fla. 3d DCA 1993), review denied, 637 So.2d 239 (Fla.1994), held that interest on attorney’s fees pursuant to section 57.105 was properly awarded from the date the trial court entered final judgment striking the defendant’s *1370 pleadings. Citing Mason v. Reiter, 564 So.2d 142, 147 (Fla. 3d DCA 1990), the third district determined that entry of the final judgment triggered the defendant’s entitlement to attorney’s fees and fixed the date of loss. The third district reasoned that Argonaut did not control because Argonaut addressed prejudgment interest on damages awards and not with attorney’s fees awards under section 57.105. However, in Mason, the third district actually relied on Argonaut in its decision that interest on attorney’s fees in a paternity action should be triggered by the adjudication of paternity which fixed the date of the loss even though the amount of fees had not yet been determined.
The first district, in Tallahassee Medical Center v. Poole, 547 So.2d 1258 (Fla. 1st DCA 1989), determined that statutorily-authorized attorney’s fees were due from the date the plaintiff became the prevailing party, even though a dispute as to amount and entitlement to attorney’s fees continued subsequent to that date. The first district did not even mention Argonaut, but cited two pre-Argonaut opinions from this court, Tech Corp. v. Permutit, 321 So.2d 562 (Fla. 4th DCA 1975), and English and American Insurance Company v. Swain Groves, 218 So.2d 453, 457 (Fla. 4th DCA 1969), as authority for an award of interest on attorney’s fees from the date of legal entitlement to the fees.
In Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989), the first district considered statutory attorney’s fees pursuant to section 627.428, Florida Statutes (1987). It determined that interest on attorney’s fees should have been awarded from the date the attorney’s right to receive the fee was fixed because this event fixed the date of the “loss,” despite the fact that the amount of the fee due remained for later determination by the court. The first district reached this result, this time, in reliance on Argonaut, Poole and on yet another case from this court, Edward C. Tietig, P.A. v. Southeast Regional Construction Corp., Inc., 520 So.2d 633 (Fla. 4th DCA), review denied, 534 So.2d 401 (1988).
The fifth district in Bremshey v. Morrison, 621 So.2d 717 (Fla. 5th DCA 1993), relied on Mason and Inacio in deciding that when a court makes a determination which triggers a party’s entitlement to an award of attorney’s fees, the date of this determination fixes the date for awarding prejudgment interest on previously incurred attorney’s fees, although the actual amount has not been determined.
Neither Poole nor Inacio discuss our holding in Temple, which the majority here has determined precludes our awarding of interest on section 57.105 attorney’s fees from the original date the trial court determined entitlement. Temple involved attorney’s fees in a divorce proceeding where the party was seeking interest from the date that the trial court had originally denied attorney’s fees to the wife, which ruling this court reversed on appeal. The trial court then awarded interest from its initial judgment which denied attorney’s fees. A reversal in that case could have been based on the specific conclusion that entitlement to attorney’s fees had not been determined by the initial judgment, and thus, that date did not fix the date of loss, or could have been based on the holdings in Novack and Gilmore. However, this court reversed by broadly pronouncing that prejudgment interest cannot be assessed because attorney’s fees constitute litigation costs and do not constitute liquidated damages, citing Argonaut as authority for that proposition.
This statement in Temple, precluding interest on attorney’s fees because the fees represent litigation costs, was adopted by the second district in Higley South, Inc. v. Quality Engineered Installation, Inc., 632 So.2d 615, 621 (Fla. 2d DCA 1994), review granted, 642 So.2d 1362 (Fla.1994), disapproved on other grounds, Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla. 1995), without mentioning Argonaut. In Higley it appears that the litigant seeking fees was obligated “to pay fees out of its own pocket.”
I do not read Argonaut as requiring that a distinction be made between litigation costs and liquidated damages. Certainly, when a client is billed by his or her attorney for the expense of litigation and pays the attorney’s fees as those fees are incurred, that client has suffered an out-of-pocket, pecuniary loss *1371 within the meaning of Argonaut, which would allow an award of pre-judgment interest on attorney’s fees. Whether the date of the loss would be the date on which the fees were incurred, as with any other debt, or the date on which entitlement was determined, would then be an additional question.
None of the cases cited above discuss whether the rationale for awarding interest or not awarding interest on attorney’s fees might depend on the basis under which attorney’s fees are sought. But see Clay. For example, attorney’s fees under section 57.105 are designed not only to make the litigant whole — but to act as a deterrent to frivolous lawsuits.[2] In this regard, assessment of section 57.105 fees may be more in the nature of a penalty and thus Argonaut's loss theory would be inapplicable. On that basis, an award of interest could be justified in section 57.105 cases,[3] even though interest may not be available in another case under a different statute. On the other hand, the holding in Temple embraces a brand rule which would disallow interest on attorney’s fees in all cases. Also, neither Temple nor any of the above-cited eases, other than Bremshey by implication, discuss whether the party seeking the attorney’s fees has a contingent fee arrangement or has already incurred out-of-pocket, pecuniary losses by paying the attorney’s fees on an hourly basis. Yet such factors seem relevant to the determination of whether pre-judgment interest on attorney’s fees should be awarded. See Alvarado v. Rice, 614 So.2d 498 (Fla.1993).
At the very least, interest should be awarded on attorney’s fees when a client incurs out-of-pocket, pecuniary losses or where the award of interest would further the purpose of the statute or contract upon which the award is based.

. Unfortunately in this case, section 57.105, Florida Statutes (1988), has spawned protracted litigation over the issue of fees — an obviously unintended by product of well-meaning legislation.

. With the statutory amendment effective in 1990, it is apparent that the legislature has now expressly authorized prejudgment interest to a prevailing plaintiff.