PER CURIAM.
Guy B. Bailey, the defendant below, appeals and Charlotte Leatherman, the plaintiff below, cross-appeals from a “Final Judgment Awarding Plaintiffs Attorney’s Fees and Costs.” We affirm, in part, and reverse and remand, in part.
Although we find that the points raised by the defendant’s appeal do not merit discussion, we do address the issue raised by the plaintiff on cross-appeal. The plaintiff contends that the trial court erred in calculating the amount of interest on the award of attorney’s fees and costs. We agree.
In Fischbach & Moore, Inc. v. McBro, a Division of McCarthy Brothers Co., 619 So.2d 324 (Fla. 3d DCA 1993), this court held that post-judgment interest on an award of attorney’s fees and costs starts to accrue from the date that the trial court finds that the party was entitled to such an award, even though the amount was not determined until a later date. This court reasoned that a “prevailing party should not be penalized when a non-prevailing party decides to contest entitlement to attorney’s fees.” Fischbach, 619 So.2d at 325.
In the instant case, the post-judgment interest started to accrue on September 22, 1993, the date that the trial court determined that the plaintiff was entitled to an award of attorney’s fees and costs, even though the actual amount to be awarded was not determined until a later date. As in Fischbach, the plaintiff should not be penalized because the defendant appealed the trial court’s order finding that she was entitled to an award of attorney’s fees and costs. After a careful review of the order under appeal, it is apparent that the trial court has not properly calculated the post-judgment interest. Accordingly, this cause is reversed and remanded for a recalculation of post-judgment interest in accordance with the applicable interest rates as provided by section 55.03, Florida Statutes (Supp.1994).
Affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this opinion.